No. 10,279.

## CARVER ET AL. *v.* HOWARD.

SHERIFF'S SALE.—*Redemption.*—*Judgment.*—*Subrogation.*—A., B. and C., in consecutive order of time, obtained judgments against D., which became liens on the debtor's real estate. A.'s judgment was satisfied by sheriff's sale of the real estate to A., and B., within the proper time, redeemed by virtue of his judgment, paying the proper sum to the clerk, which the clerk, upon demand, paid to A. as for such redemption. B.'s judgment was afterwards reversed for error, and remanded, and another trial resulted in another judgment in his favor. B. then brought suit against A., C., D., and the sheriff, alleging these facts, and that D. still owned the land, and was otherwise insolvent.

*Held,* that the complaint as against C. and D. was good on demurrer.

*Held,* also, that A., having accepted the redemption money, waived any irregularity in the redemption, and that C. and D. could not question the regularity of the redemption.

*Held,* also, under the redemption act of 1879, that a judgment upon the facts stated in the complaint for costs against C. and D., and that the plaintiff have execution on the original judgment in favor of A., was not erroneous.

From the Switzerland Circuit Court.

*J. D. Works, J. A. Works, S. Carter* and *S. R. Downey,* for appellants.

*T. Livings,* for appellee.

BLACK, C.—The appellee sued the appellants Christopher Carver, the First National Bank of Vevay, Jacob R. Harris and William S. Tower, sheriff of Switzerland county.

The complaint was of great length. We will state the facts alleged in it so far as is needed to show its effect and to illustrate the objections urged against it.

On the 23d of October, 1877, said Harris recovered in the

Switzerland Circuit Court, against said Carver, on his note made in 1874, a judgment for $956.35. On the 15th of June, 1878, the sheriff, under an execution issued on said judgment, sold certain land in said county, as the property of said Carver, to said Harris, for $1,050, which fully paid and satisfied said judgment, interest and costs; and the sheriff executed to said Harris a certificate of purchase. On the 2d of November, 1877, the appellee recovered judgment in said court against said Carver and others, on their note made in 1874, for $1,299.80, which was then due from them to the appellee on said note. It was alleged that at the time of the rendition of each of said judgments, and of said sale, and of the redemption hereinafter mentioned, said Carver owned and occupied said land, subject to said sale and redemption and the appellee's judgment, and that he still owned and possessed it subject to the appellee's claim. On the 14th of June, 1879, at five o'clock P. M., the appellee filed with the clerk of said court his sworn application to redeem said land from said sale, and paid the clerk $1,155 for the use of said Harris, which sum was the amount due said Harris on said judgment and sale and ten per cent. thereon, and asked to redeem said land from said sale for his own benefit, to subject it to the payment of his judgment and redemption money. On the same day, the clerk acted on said application, received, approved and filed it, and accepted the money so paid him for the use of Harris, and issued his certificate of said redemption to the appellee and recorded said application and affidavit and said certificate in the redemption record, and gave the appellee a receipt for said money, and endorsed said receipt in the execution docket where the return of said sale was entered.

It was shown that in 1878 the appellant, the First National Bank of Vevay, recovered a judgment in said court against said Carver, which was a lien on said land, junior to said judgment of Harris, said sale and the sheriff's certificate of sale, and which at the time of said redemption was junior to the appellee's judgment before its reversal as hereinafter stated;

and it was alleged that the bank claimed that its judgment was due and unpaid. In 1880, the Supreme Court of Indiana reversed the appellee's said judgment on appeal taken by the defendants therein, on the ground that said circuit court had erred in refusing to grant a change from the judge on the affidavits of two of said defendants other than said Carver, alleging bias and prejudice of the presiding judge. It was alleged that after said reversal the appellee's said action was reinstated in said circuit court; that the defendants therein reappeared, and such proceedings were had therein that on the 15th day of the January term, 1881, the appellee recovered judgment in said court on his said note against the defendants, against whom he had before obtained said judgment in said action, for $1,511.39, the principal and interest due and unpaid on said note, and for the further sum of $72.28 as attorney's fee, without relief from valuation or appraisement laws; that the amount so recovered, with the costs, was due and unpaid, and there were no set-offs or counter-claims against it; and that appellee's said judgment was valid, binding and in full force.

It was alleged that said sum of $1,155 so paid by the appellee to the clerk on the 14th of June, 1879, was, on the 17th of the same month, paid by the clerk to Harris, who then went to the clerk's office and demanded said money of the clerk, and received and accepted it, and receipted therefor upon the sheriff's said return of sale below said receipt of the clerk to the appellee, said Harris, by his said receipt, designating said money as the amount paid to the clerk by the appellee in redemption of the land sold on execution, "to which the subjoined is a return, as per receipt on the margin of this page." It was alleged that said sum, with interest thereon, and $10, the costs of said redemption, were due to the appellee and wholly unpaid; that he made said redemption and paid said sum at the special instance and request of said bank, to prevent said sale to Harris from maturing, and so that the property might be resold; that the appellee requested the bank to

redeem, but it declared through its officers that it would not do so, but asked him to redeem, knowing the facts then existing as aforesaid. A copy of the application and affidavit filed for redemption, and a copy of the clerk's certificate of redemption, were set forth in the complaint.

It was shown that in recording said statement and affidavit, the clerk, by inadvertence and mistake, omitted certain words; that the amount so paid to Harris was due him on his judgment and certificate from said Carver; that the latter had not then, and had not since, paid said sum to Harris or to any other person for Harris or for the appellee, and had not redeemed said land; that said bank was the only other holder of a lien on said land; that no other person had any interest or claim therein on the day of said redemption, and that no person had since acquired such lien or interest; that the appellee made said redemption and paid said money for his own benefit, to acquire the rights of Harris in said land, and with no purpose of discharging the claim of Harris for Carver; that at the date of the rendition of the appellee's original judgment, at the time of said redemption, at the time of the rendition of appellee's second judgment, and at the commencement of this suit, Carver had no property subject to execution other than said land, but was insolvent. It was alleged that the appellee Tower was sheriff of said county, and as such was made a party. Harris was made a party to answer as to his interest. The appellee prayed that he be subrogated to the rights of Harris as such purchaser; that the sheriff be ordered to make to the appellee a deed conveying to him said land under said sale, and if a deed could not be so made, then that the sheriff be ordered to sell said land on an execution, and after applying the proceeds to the payment of the costs of this suit, that the residue be applied to pay the appellee his redemption money and interest thereon and costs of redemption, amounting to $1,600; and he prayed for all proper relief.

Carver and the bank each filed a separate demurrer to the

Carver *et al. v.* Howard.

complaint for want of sufficient facts. The record states that ".the demurrer to the complaint herein, heretofore submitted, is now by the court overruled, to which ruling defendants except." Carver and the bank filed their joint answer of general denial. The sheriff answered separately by general denial. Harris filed an answer, admitting that he recovered a judgment against Carver, as alleged in the complaint; that he caused execution to be issued thereon, procured said land of said Carver to be sold, purchased it of the sheriff, and received a certificate of sale from the sheriff therefor; that the appellee subsequently paid to the clerk, for the benefit of said Harris, the amount of his bid and ten per cent. thereon, in redemption of said land; that he received of the clerk the money paid by the appellee and receipted therefor; and that he had no interest in said land, or in the subject of this action.

The court tried the cause and found for the appellee; and judgment was rendered that the appellee have execution on the judgment of Harris, and recover costs of the appellants Carver and the bank. A motion for a new trial was made by Carver and the bank and was overruled.

The appellants jointly assign as error that the complaint does not state facts sufficient to constitute a cause of action; and the appellants Carver and the bank make separate assignments, each assigning as error the insufficiency of the complaint, and the overruling of the motion for a new trial, and Carver assigning the overruling of his demurrer, and the bank the overruling of its demurrer.

It is not necessary to decide a question discussed by the appellee as to whether the record properly presents the subject of the sufficiency of the complaint upon the demurrers filed, as we think the complaint stated a cause of action, and was sufficient either after verdict or on demurrer.

At the time of the appellee's application to redeem, the act ·of March 31st, 1879, Acts 1879, p. 176, in relation to the

subject of redemption, was in force, and he sought to comply with its provisions.

It is contended, on behalf of the appellants Carver and the bank, that if the appellee could redeem, he could do so only by a strict compliance with that statute; that, in some respects, his application to redeem did not fulfill the requirements of the statute; but that he had no right to redeem, as it was necessary to such right that his judgment, upon which he based his claim to redeem, should be a valid subsisting judgment; and, as his judgment was reversed by this court in *Krutz* v. *Howard,* 70 Ind. 174, for a refusal of the court to grant a change from the judge, it is insisted that the appellee's judgment could confer on him no right to redeem.

The right to redeem from a sale on execution is not conferred by contract, but is statutory. The purchaser from whom it is sought to redeem may insist on strict compliance with the provisions of the statute; but he may waive his right to require exact and formal observance of the statutory mode, and his acceptance of the redemption money will be such a waiver.

Under the redemption law of 1879, where the redemption was made by one on the ground of his being a judgment creditor having a lien, it was provided for his relief after the redemption, that he might sue out execution on his own judgment with a recital in the execution of the judgment on which the sale had been made, the sale, the redemption or redemptions, the several amounts paid on redemption, and the dates of the redemptions. At the sale under his said execution, he was regarded as a bidder for his redemption money with ten per cent. interest thereon, and all costs accrued since the redemption, and if neither he nor any other person bid more, he was deemed the purchaser for that sum, and from the proceeds of sale the amount due for redemption was first paid. Any person entitled by the statute to redeem might redeem from the sale made under such execution, but only within twelve months from the first sale; and if the property was

not redeemed from the sale under such redemptioner's exe-cution, the officer made a deed to the purchaser after the expi-ration of said twelve months, or if the redemptioner's sale was after the expiration of such period, the officer made his deed immediately after the sale ; and the conveyance made in pur-suance of a redemptioner's sale had effect as if made in pur-suance of the first sale. That is to say, the owner of the land or an incumbrancer junior to the redemptioner would be entitled to redeem from the redemptioner's sale, but not after the expiration of twelve months from the original sale. Whether a redemptioner could secure a right to thus cut off redemption by the land-owner or a junior incumbrancer from a sale under an execution issued on his own judgment, with-out having strictly complied with the provisions of the stat-ute, need not be decided in this case. Nor need we decide whether the appellee's judgment was void or merely errone-ous, or whether what he did constituted a redemption under the statute, or whether he was entitled to redeem.

No attempt was made by the appellee to pursue the relief after redemption provided by said statute for one redeeming as a judgment creditor, and he did not seek in this action to be permitted to pursue such relief. He asked no aid to ob-tain satisfaction of his second judgment: He brought all persons concerned before the court, stated the facts and asked that the sheriff be ordered to make him a deed, or that the land be sold on execution to reimburse him for his redemp-tion money and costs, and he asked all proper relief.

In his payment of the redemption money, the appellee can not be regarded as a mere volunteer and stranger. He made the payment under a colorable, if not a real, right and obligation to do so in order to protect his own claim, which he has since established by a second judgment which has not been, in any manner, questioned. He made the payment with no intention to thereby benefit Carver, but with the purpose of benefiting himself by acquiring the rights of Har-ris in the land of Carver. He paid Harris an amount for

which the land of Carver was bound through the certificate of sale held by Harris. If there was no redemption, Harris is still the owner of the certificate of sale, and is entitled to a deed thereunder, unless the appellee is the equitable assignee of Harris. See *Muir* v. *Berkshire,* 52 Ind. 149. Carver and the bank could not object to the transfer by Harris of his rights to the appellee. Neither Carver nor the bank redeemed, and since the expiration of one year from the sale they have had no right to redeem, or to question the disposal by Harris of his rights to the appellee.

No objection was made to the judgment. The relief which the appellee obtained thereby is more favorable to Carver and the bank than would be permission to the appellee to proceed as a redemptioner, as under the statute of 1879, or an order for the making of a deed to the appellee as the equitable assignee of the certificate of sale. Under the facts stated in the complaint, the appellants have no reason to complain of the judgment.

Some questions are discussed by the counsel for Carver under the motion for a new trial, but they are of such a nature that what has been already said sufficiently disposes of them.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

