(88 N. W. Rep. 278.)

---

A. B. Mc Donald *vs.* George W. Beatty, *et al.*

Opinion filed Dec. 3, 1901.

### Foreclosure—Redemption by Subsequent Mortgagee.

The plaintiff, in conformity with the statutes regulating redemptions of real estate sold at mortgage foreclosure sales, redeemed from certain foreclosures upon lands owned by the defendant. His right of redemption was based upon a subsequent mortgage on the premises, then in process of foreclosure, which mortgage the defendant claimed had prior thereto been rendered void by rescission. The holders of the sheriff's certificate received, and have since retained, the redemption money. No redemption having been made by defendant or by any other lienholder, sheriff's deeds were issued to plaintiff. It is *held*, in an action to recover possession of said premises, that the right to challenge plaintiff's right to redeem under the statute concerned the owners of the sheriff's certificates only, and that by receiving and retaining the redemption money they waived the right to object, and thereby validated plaintiff's redemption.

### Rights of Redemption—Deed.

*Held*, further, that plaintiff by his redemption acquired all of the rights of the purchasers at the sale, which included the right to demand and receive sheriff's deeds.

### Waiver—Estoppel by Silence and Conduct.

Prior to the foreclosure sales from which plaintiff redeemed, the purchasers contracted orally with the defendant that they would purchase at the sales, and would hold the certificates merely as security for the amount of their bids and interest, and that they would not rely upon their legal rights thereunder. The plaintiff made his redemption in good faith, and with the belief that his mortgage was a valid lien, and in entire ignorance of the oral contracts. Defendant knew of plaintiff's redemption shortly after they were made, but made no objection thereto; neither did he disclose to plaintiff the oral agreements, or tender or cause to be tendered to plaintiff the money he had paid to redeem. *Held*, that the defendant is estopped by his conduct and acquiescence in the redemption from asserting

any rights arising out of the oral contract, as against the plaintiff, who had no knowledge thereof.

Appeal from District Court, Towner County, *Cowan,* J.

Action by A. B. McDonald against George W. Beatty and wife to recover possession of land. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

*Cochrane & Corliss,* for appellants.

Under the agreements between Beatty and Studness and Beatty and Jacobson acting for Morgan and Davis, the sheriff's certificates of sale constituted mere mortgages, and gave Studness and Morgan and Davis, the respective parties, only mortgage interests in the property. Instead of their furnishing the money to pay off these mortgages, and then taking from Beatty deeds as security, it was understood that the same result should be accomplished by allowing the foreclosure sale formally to go on. As between the parties the statutory period of redemption had not been set running by the form of the foreclosure sale, the real transaction being simply a security transaction. So long as such new mortgages were not foreclosed the transaction was not a judicial sale with the right of redemption in others, but a mere mortgage transaction. § § 4701, 4703, Rev. Codes; *Gaines* v. *Brockerhoff,* 19 Atl. Rep. 958; *Klock* v. *Walter,* 70 Ill. 413; *Cullen* v. *Carey,* 146 Mass. 50; *Sweet* v. *Mitchell,* 15 Wis. 641, 645; *Hoyles* v. *Bailey,* 17 N. W. Rep. 322; *Phelan* v. *Fitzpatrick,* 54 N. W. Rep. 614; *Hilton* v. *Pritchard,* 12 S. E. Rep. 242; 1 Pingree, Mortg. § 100; 1 Jones, Mortg. § 332; *Rhines* v. *Baird,* 41 Pa. St. 253; *Harrison* v. *Soles,* 6 Pa. St. 393; Sweitzer's App. 71 Pa. St. 264; Logue's App. 104 Pa. St. 136; *Baker* v. *Fireman's Fund Ins. Co.,* 21 Pac. Rep. 357; *Bank* v. *Bank,* 41 N. E. Rep. 919; *Trogdon* v. *Walston,* 45 N. E. Rep. 575; *Hiester* v. *Maderia,* 3 Watts. & Serg. 384; *Byers* v. *Johnston,* 56 N. E. Rep. 449; *Heaton* v. *Darling,* 68 N. W. Rep. 1087; *Bray* v. *Barbour,* 20 S. W. Rep. 899. If an agreement is entered into subsequently to the sale, the substance of which is that the purchaser or holder of the certificate of sale will treat it as a mere security, or will give a definite time in which to redeem, it will be enforced, even though parole. The court will not heed the plea that the contract cannot be received in evidence because within the statute of frauds. Freeman on Executors, § 316, p. 1079; *McMakin* v. *Schenk,* 98 Ind. 264; *Southard* v. *Pope,* 9 B Monroe, 261; *Butt* v. *Butt,* 91 Ind. 305; *Shade* v. *Creviston,* 93 Ind. 591; *Beatty* v. *Brummitt,* 94 Ind. 76. Under such an agreement the debtor, though the time granted him has expired, still retains the right to redeem, and the purchaser is regarded as merely holding the land as security. *Thelton* v. *Smith,* 84 Ind. 485; *Hughart* v. *Lenburg,* 45 Ind. 498; *Southard* v. *Pope,* 9 B. Monroe, 261; Freeman on Executors, § 316; *Klock* v. *Walter,* 70 Ill. 416; *Cullen* v. *Carey,* 146 Mass. 50; *Campbell* v. *Dearborne,* 109 Mass. 130; *Sweet* v. *Mitchell,* 15 Wis. 641, 665; *Hoyle* v. *Bailey,* 17 N. W. Rep. 322; *Phelan* v. *Fitzpatrick,* 54 N. W.

Rep. 614; *Kaufman* v. *Smallwood,* 36 Ill. 504; *McCormick* v. *Green-how,* 2 Utah 263; *Ott* v. *Rape,* 24 Wis. 336; *Felton* v. *Smith,* 84 Ind. 485. By his redemption McDonald merely stepped into the shoes of Studness and Morgan and Davis. All the right he secured was their respective rights, subject to all equities in favor of Beatty. They could not take a deed and repudiate their agreements; neither could McDonald. Rorer on Judicial Sale, § 1195; 20 Am. & Eng. Enc. L. 639; *Dupee* v. *Salt Lake,* 53 Pac. Rep. 845. McDonald has never redeemed the property in question. His attempted redemption was by virtue of a mortgage that had been adjudged void for want of consideration before the attempted redemption thereunder. The rescission of a contract extinguishes it. § § 3931, 3932, Rev. Codes. To entitle a person to redeem, who is not the owner of the property, the person must be a creditor having a lien on the property by judgment or mortgage. Section 5540 Rev. Codes. McDonald obtained, by his attempted redemption, no greater right than was held by Studness and Morgan and Davis. His attempted redemption is not in law a redemption, notwithstanding Studness and Morgan and Davis received his money. *People* v. *Ransom,* 2 N. Y. 490; *Miller* v. *Lewis,* 4 N. Y. 554; *Pamperin* v. *Scanlon,* 28 Minn. 345; *Myer* v. *Mintoyne,* 106 Ill. 414; *People* v. *Ransom,* 4 Denio. 145. The statutory right of redemption must be exercised by the persons, and in the manner pointed out by the statute, otherwise there is no lawful redemption. *Pamperin* v. *Scanlon,* 28 Minn. 345; *Keller* v. *Coman,* 44 N. E. Rep. 434; *O'Brien* v. *Moffat,* 33 N. E. Rep. 616. The receipt by the purchaser at a judicial sale of the purchase price by one assuming to be a redemptioner does not make him a redemptioner as to third parties, where he is not a lawful redemptioner according to statute. *Jarrell* v. *Brubaker,* 49 N. E. Rep. 1050; *Scobey* v. *Kinningham,* 31 N. E. Rep. 355; *People* v. *Ransom,* 4 Denio. 145; *People* v. *Rathbun,* 15 N. Y. 528; *Griffin* v. *Chase,* 23 Barb. 278; *Thomas* v. *Bowman,* 30 Ill. 84; *Hare* v. *Hall,* 41 Ark. 372; *Wood* v. *Moorehouse,* 45 N. Y. 368; *Bagley* v. *Ward,* 37 Cal. 121; *Carver* v. *Howard,* 92 Ind. 173; *Hervey* v. *Krost,* 19 N. E. Rep. 125; *Hughes* v. *Helms,* 52 S. W. Rep. 460; *San Jose Bank* v. *Bank of Madera,* 54 Pac. Rep. 83. McDonald has never made any contract with Studness and Morgan and Davis; never received any assignment, and is at best a mere equitable assignee, who takes subject to all rights which Beatty has, as against Studness and Morgan and Davis, to insist that the sheriff's certificates are mere mortgages. The assignee of a sheriff's certificate stands in the shoes of the purchaser at such judicial sale. *Bruschke* v. *Wright,* 166 Ill. 183; *Roberts* v. *Clelland,* 82 Ill. 538; *People* v. *Ransom,* 4 Denio. 145; *Miller* v. *Lewis,* 4 N. Y. 554; *Ayers* v. *Campbell,* 9 Ia. 213; *McGoren* v. *Avery,* 37 Mich. 120; *O'Brien* v. *Moffat,* 33 N. E. Rep. 616; *Haselman* v. *Lowe,* 70 Ind. 414; *Chytraus* v. *Smith,* 30 N. E. Rep. 450; *Reynolds* v. *Harris,* 14

Cal. 667. McDonald is not a purchaser. A purchaser to be protected must make a contract with some one, either with the party selling at judicial sale, by making a bid for the premises, which is accepted, or by making a contract with the owner of the land or the holder of the certificate. *Priest* v. *Cummings,* 20 Wend. 356; 20 Am. & Eng. Enc. L. 575.

*Morrill & Engerud* and *Frank D. Davis,* for respondents.

Appellants assume that Jacobson was the authorized agent of Morgan and Davis in making the agreement to hold the sheriff's certificate as security only. Such is not the fact. Jacobson was apparently the agent of Morgan and Davis for the collection of the mortgage debt. The only evidence of this is the fact that he had possession of the papers. His testimony to the effect that he was their agent is incompetent and was objected to on that ground. His bald statement is merely a legal conclusion and cannot be considered over the objection made. *Larson* v. *Lombard Ins. Co.,* 53 N. W. Rep. 179; *Burkholder* v. *Farmer,* 51 N. W. Rep. 293; *Johnson* v. *Glover,* 10 N. E. Rep. 214; *Young* v. *Ins. Co.,* 22 Atl. Rep. 32; *Jackson* v. *Todd,* 56 Ind. 406; *Williams* v. *Sutler,* 7 Ia. 435. The evidence of the agency to convert the purchaser into a mere mortgagee must be in writing. § § 3887, 3960, Rev. Codes. The ostensible agency for collection prima facie established by the fact of possession of the paper would not establish an ostensible agency to make such a contract as is claimed in this case. 1 Am. & Eng. Enc. L. (2 Ed.) 1027 & Note 2; page 1028, Note 6. The letter from Morgan and Davis to Jacobson, written after this suit was commenced, is competent to show a ratification because written after McDonald had attached in ignorance of it and adversely to the agreement sought to be ratified. § 4318, Rev. Codes; 1 Am. & Eng. Enc. L. 1215. A redemptioner is a person who has an option to purchase premises previously sold at a judicial sale. § 5540, Rev. Codes. The only office which a subsequent valid lien has to perform in the machinery of redemption is to give the right to compel the execution purchaser to transfer his rights. The latter can waive his rights if he desires and part with his title for any price he chooses, the same as any owner of property can do. The purchaser in this case accepted the money tendered by McDonald and thereby parted with his rights by transfer of the same to McDonald. Freeman on Exc. § 27 and 321; *Emmest* v. *Bradstreet,* 20 Wend. 50; *Van Horn* v. *McLaren,* 8 Paige 285; *McLogan* v. *Brown,* 11 Ill. 519; *Carver* v. *Howard,* 92 Ind. 173; *Hare* v. *Hall,* 41 Ark. 372; *In Matter of Eleventh Ave.,* 81 N. Y. 438. A contingent liability secured by mortgage will support a redemption. *Crossen* v. *White,* 87 Am. Dec. 420. If the one who is not entitled to redeem either by reason of the invalidity of his lien or because of failure to take the statutory step for that purpose, pays the redemption money to the sheriff and receives the certificate of redemption, the original pur-

chaser ratifies the act of the officer and validates the redemption by accepting and retaining the money. Freeman on Exc. § 317; *Matter of Eleventh Ave.*, 81 N. Y. 438, 450; *Wood* v. *Moorehouse*, 45 N. Y. 368; *Harvey* v. *Krost*, 19 N. E. Rep. 125; 17 Am. & Eng. Enc. L. (2 Ed.) 1035; *Bagley* v. *Ward*, 37 Cal. 121; *Carver* v. *Howard*, 92 Ind. 173; *Hare* v. *Hall*, 41 Ark. 372; *Sexton* v. *Rhaines*, 13 Wis. 99. The redemption may assume the form of a deed from the purchaser to the redemptioner. Such deed will have the same effect as a regular redemption. *Leonard* v. *Flynn*, 26 Pac. Rep. 1097. Beatty stood silently by and allowed McDonald to put in his money when he could have prevented it. He allowed McDonald to obtain the sheriff's deed and pay the taxes on the land year after year, and now after more than three years, for the first time attempts to claim that McDonald has only a mortgage. Beatty is estopped by his conduct to question this redemption. *Power* v. *Larabee*, 3 N. D. 513; Pomeroy Eq. Jur. 805, 911, 817, 820; *Thompson* v. *Simpson*, 128 N. Y. 270; *Morgan* v. *Ry. Co.*, 96 U. S. 716. The sheriff in executing and delivering a certificate of sale or deed acts for the owner of the land by virtue of the powers vested in him by statute for that purpose; and the immediate parties to such instruments are concluded by their recitals the same as if they themselves had executed them, provided there was a valid judgment, execution and sale. *Blood* v. *Light*, 38 Cal. 649; *Hihn* v. *Peck*, 30 Cal. 288; *Shields* v. *Miller*, 9 Kan. 390; *Allison* v. *Snider*, 24 S. E. Rep. 911; Freeman on Exc. § 334; 22 Am. & Eng. Enc. L. 696. If this is true with respect to the sheriff's certificate of sale it is also true with respect to the sheriff's certificate of redemption. The instrument cannot be attacked collaterally if valid on its face and the jurisdictional facts exist. *Waller* v. *Harris*, 20 Wend. 555. Beatty should have acted promptly and disclosed his agreement to McDonald as soon as it was made. 1 Am.& Eng. Enc. L. 1203; *Power* v. *Larabee*, 3 N. D. 513. The purchaser at an execution sale gets the title of the debtor in the land sold subject to the debtor's right to redeem. It is therefore a conditional estate, and a conditional estate is within the protection of the recording law. § 3594, Rev. Codes.

YOUNG, J. This action was tried to the court without a jury. It involves the title and right of possession of two quarter sections of real estate situated in Towner county. The plaintiff prevailed in the district court, and the defendants appeal from the judgment, which adjudged that plaintiff was owner in fee simple of the real estate in question, and that the defendants have no interest therein. The case is presented for trial de novo under § 5630, Rev. Code, 1899.

The facts which we deem material to a determination of the question involved are not in dispute. On January 16, 1896, the title to the real estate in question was in the defendant George W. Beatty. It was then incumbered by two mortgages. One was

owned by Morgan & Davis, and covered one of the quarter sections. The other mortgage was on the other quarter section and was owned by the Vermont Loan & Trust Company. On January 16, 1896, the defendant George W. Beatty and his wife, Alice L. Beatty, joined in a third mortgage upon all of said real estate, to plaintiff, to secure certain promissory notes given by the defendant George W. Beatty to plaintiff, amounting to $5,500. This mortgage was given as a part of a certain contract between plaintiff, McDonald, and defendant Beatty, which provided for the sale by plaintiff to defendant of a certain mill property in Cando, in said county. On April 15, 1897, defendant Beatty demanded the delivery of a deed to said mill property pursuant to the terms of said contract, and, upon plaintiff's refusal to comply with the same, rescinded the contract, and notified the plaintiff of such rescission, and that the same was made upon the ground of a total failure upon the part of the plaintiff to perform his covenants with respect to the delivery of a deed of the mill property, and demanded the return of his papers including the notes secured by this mortgage. Later, and during the same month, plaintiff instituted an action in the district court of Towner county to foreclose this mortgage, which foreclosure was resisted by the defendant upon the ground that the contract of purchase of the mill property, which furnished the sole consideration for the note secured by the mortgage, had been rescinded by him. This defense was sustained by the trial court in a judgment entered on October 7, 1898, which judgment was thereafter affirmed by this court. See *McDonald v. Beatty,* 9 N. D. 293, 83 N. W. Rep. 224. Pending the controversy between plaintiff and defendant as to the rescission of the contract of April 15, 1896, for the purchase and sale of this property, the two mortgages first referred to, and to which plaintiff's mortgage was subordinate, were foreclosed. The sale under the Morgan & Davis' mortgage was made on March 13, 1897, and at such sale the premises covered thereby were sold to the mortgagees for the sum of $721.55; being the amount then due, with costs of foreclosure. The sale under the Vermont Loan & Trust Company mortgage was on December 12, 1896. At this sale Charles Studness was the purchaser for the sum of $725; that being the amount then due, including costs. In September, 1897, which was before the trial of the then pending foreclosure action on the $5,500 mortgage, plaintiff. redeemed from both of said sales under the mortgage which he was then attempting to foreclose. It is conceded that both of the foreclosures from which plaintiff redeemed were strictly regular in form, and that a proper certificate was delivered to each of the purchasers at said sales, and, further, that plaintiff's redemptions were in compliance with the statutes as to all formal requisites, and that the amount paid by him to the sheriff on such redemptions, covered the amount due upon each certificate. It is also a conceded fact that the money so paid to the sheriff by the plaintiff was paid over to the holders of the sheriff's certificates as and for redemptions from said sales, and

that the money so paid has ever since been retained by them. No redemption from said sales was made or attempted by the defendant, or by any other redemptioner than plaintiff. After the statutory period for redemption had expired, sheriff's deeds were issued to plaintiff. All of the instruments herein referred to were recorded in the proper office at or about the date of their execution. The plaintiff rests his title to the real estate in controversy upon the sheriff's deeds. The defendants challenge plaintiff's title under these deeds for reasons which we will now consider.

It is urged by counsel for the defendants that plaintiff did not in fact redeem the property in question. This contention is not based upon any failure upon plaintiff's part to conform to the formal requirements of the statutes governing redemptions. No such claim is made. On the contrary, it rests upon plaintiff's alleged want of authority to redeem because of the prior rescission of the mortgage upon which his redemption was based. The acts of rescission occurred, as we have seen, on April 15, 1897. The judgment of the district court, which declared that the legal effects of the acts of rescission was to make plaintiff's mortgage null and void, was entered on October 7, 1898. Plaintiff's redemption under said mortgage occurred in September, 1897, which was more than a year before a judgment and at a time when plaintiff was attempting to enforce the mortgage in the foreclosure action. Section 5540, Rev. Code, names the classes of persons who may redeem property sold subject to redemption. These include creditors having a lien by judgment or mortgage on the property sold subsequent to that on which the property was sold. It is claimed by counsel for the defendants that the acts of rescission referred to had the immediate effect of rendering plaintiff's mortgage void, and that therefore when he redeemed he did not have a lien upon the premises, and accordingly was not entitled to redeem under the statute. It is clear that plaintiff's mortgage was not void when executed, and it is equally clear that it was not void after the judgment of the district court. But what its legal character was after the acts of rescission, and before the judgment, during which time redemption was made,—whether void or merely voidable,—is a debatable question. It is a question, however, which in this case we are not called upon to decide, and upon which we express no opinion. Concededly, the plaintiff paid to the holder and owner of the sheriff's certificates the amount required to make redemption, and such payments were made for that purpose. It might be conceded that the owners of the sheriff's certificates could have successfully challenged plaintiff's right to redeem on the ground now urged, but they did not see fit to do so. On the contrary, they accepted and retained the redemption money, and by so doing waived any question as to his right to redeem which may have existed, and thereby validated the redemption, and clothed plaintiff with their statutory right under the sheriff's certificate. That such effect follows the retention of redemption money is well settled, and in cases

where the persons redeeming did not possess the strict statutory right of redemption. See *Carver* v. *Howard*, 92 Ind. 173; *Hare* v. *Hall*, 41 Ark. 372; *In re Opening Eleventh Ave.*, 81 N. Y. 436. In 3 Freem. Ex'ns (3d Ed.) § 317, that author states that, "if a redemption made by a disqualified person is acquiesced in by the purchaser or other person from whom redemption is made, it will estop such person, after he has received such redemption money, from denying the validity of the redemption." It is also well settled that the holder of the sheriff's certificate and the person redeeming are the only persons concerned in the regularity of the redemption. The owner of the certificate may deal with it as he sees fit. He may sell and assign it, or he may retain it and insist that any one who wishes to secure his right thereunder by redemption shall do so only by strictly complying with the statute, or "he may waive his right to require exact and formal observance of the statutory mode, and his acceptance of the redemption money will be such a waiver." *Carver* v. *Howard, supra*. In this case it makes no difference to the defendant whether the rights evidenced by the sheriff's certificates were owned by the original purchasers or by the plaintiff, McDonald. He could redeem from the plaintiff as well as from the original purchasers, and it did not add anything to the amount required to free his premises from the lien; and by failing to redeem his rights in the realestate were lost. *Blair* v. *Chamblin*, 39 Ill. 521, 89 Am. Dec. 322; *Hervey* v. *Krost*, 116 Ind. 268, 19 N. E. Rep. 125; *Massey* v. *Westcott*, 40 Ill. 160; *McClure* v. *Englehart*, 17 Ill. 47. The most valuable right secured by the statute to a purchaser at a real estate mortgage foreclosure sale is the right to demand and receive a sheriff's deed to the premises purchased in case there is no redemption. This right, as we have seen, passed from the purchasers at the foreclosure sale to this plaintiff by his redemption, and when he received the sheriff's deeds upon which he now relies he acquired just what the sheriff's certificates authorized the original purchasers to obtain.

Defendants' chief attack, however, upon the title acquired by the plaintiff through the sheriff's deeds, is upon an entirely different ground. It is alleged in the answer and established by the evidence that prior to the foreclosure sales oral contracts were made between the defendant and the purchasers at such sales to the effect that the purchasers would bid in the property and hold the certificates as security for the amount for which the same was purchased, "and that, if such certificates were permitted to ripen into deeds, they would treat the same as security transaction only, and would not claim the right of a purchaser under the sheriff's deeds, but that by the payment at any time to them of the amount bid for said property at the sale with 12 per cent. interest, said property should be retransferred to the defendants." It is not disputed that such an agreement was made with Studness, who purchased at the Vermont Loan & Trust Company sale; and that a similar agreement was attempted

to be made as to the Morgan & Davis sale, through one J. G. Jacobson, is also conceded. But Jacobson's authority to bind the purchasers to the oral agreement is challenged by plaintiff. We shall, however, assume for the purposes of this decision that he had authority from his principal to make the oral agreement which he undertook to make, and that the oral contracts under which the purchasers at both sales were made were as hereinbefore set out. The question now presented is as to the effect of these oral agreements upon plaintiff's title. As between the immediate parties thereto, it is conceded by counsel that a court of equity would treat the certificates as mere mortgages in the hands of the purchasers, and would not permit them to acquire and retain title to the premises obtained thereunder in violation of their oral agreements. Assuming the correctness of this concession, merely for the purposes of this opinion there can be no doubt that if the purchasers had retained the rights acquired at the sales, instead of transferring them to plaintiff, and had they taken sheriff's deeds, the defendant could have successfully relied upon the oral agreements referred to for the purpose of defeating their title. But that is not this case. The plaintiff was not a party to the oral contracts, and was entirely ignorant of their existence. He made the redemption in good faith, believing that his mortgage was a valid and subsisting lien,, and had no knowledge or notice of the oral agreements until they were disclosed by the defendants' answer in this action, which was made more than 3½ years after they were made. What was the attitude of the defendant in the meantime? It is shown that he had actual knowledge of both redemptions soon after they were made, and that at no time prior to answering in this action did he make any objection to such redemptions. Neither did he pay or tender to plaintiff the moneys paid by him on such redemption. As we have seen, the foreclosure sales were made not only with defendant's actual knowledge, but at his solicitation. In making the foreclosure sales and in issuing the sheriff's deed on which plaintiff relies, the sheriff was defendant's agent, under the statute, clothed with authority to transfer title to the premises in question. No steps whatever were taken by defendant to cut off or restrain the exercise of this authority by the sheriff by notice, redemption, or otherwise. On the contrary, he remained silent until long after the issuance and delivery of the sheriff's deeds. Upon this state of facts, will the defendants be permitted to say that the sheriff's certificates and sheriff's deeds were not in fact what they purported to be, and that they are mere mortgages, as against the plaintiff, who was not a party to the oral contract, and had no knowledge whatever concerning the same? We are clear that they may not. It is not necessary to decide whether plaintiff is under the protection of the recording laws, as as against the secret oral contract. We base our conclusion on the ground that defendant by his conduct is estopped from asserting rights arising out of the secret oral agreements. He remained silent

when it was his duty to speak. Through his concealment of the oral agreement the plaintiff was induced to invest his money in the redemptions, believing that the foreclosures were valid, and that no defense existed thereto. As was said in *Gionnonatti* v. *Michelletti*, (S. D.) 87 N. W. Rep. 587, "There is no rule more equitable or necessary to enforce good faith than that which compels a person to abstain from asserting a claim of his own which he has induced others, to their detriment, to suppose did not exist. The rule is well stated in the case of *Dickerson* v. *Colgrove*, 100 U. S. 587, 25 L. Ed. 618, as follows : "The vital principle is that he who by his language or conduct leads another to do what he otherwise would not have done shall not subject such person to loss or injury by disappointing the expectations on which he acted. Such a change of position is firmly forbidden. It involves fraud and falsehood and the law abhors both. This remedy is always so applied as to promote the ends of justice. It is available only for protection, and cannot be used for a weapon of assault." See, also. *Morgan* v. *Railway Co.*, 96 U. S. 716, 24 L. Ed. 743; 2 Herm. Estop. § 958; 2 Pom. Eq. Jur. § § 804, 704, 818, 820. If the defendant's property has been sacrificed for less than its value, this result is directly attributable to his own neglect and conduct. He had an opportunity to redeem. As to the Vermont Loan and Trust Company mortgage he had three months and on the Morgan & Davis mortgage he had six months in which he could have freed his premises by paying to plaintiff the amount of his redemption, with interest. This remedy was open to him, and would seem to have been ample to fully protect his interests. See *Power* v. *Larabee*, 3 N. D. 502, 57 N. W. Rep. 789, 44 Am. St. Rep. 577. Not only did he choose to forego his statutory right of redemption, but he voluntarily elected to conceal the oral agreement which he had with the purchasers until after plaintiff's redemption had ripened into sheriff's deeds. Upon this state of facts, defendant has no standing in a court of equity to ask for relief from the position in which he · has voluntarily placed himself. The trial court correctly sustained the validity of the sheriff's deeds. ·

The judgment of the district court is in all things affirmed. All concur.