NATIONAL CREDIT UNION SHARE
INSURANCE FUND, Plaintiff
and Appellee,

v.

UNIVERSITY DEVELOPERS, a North
Dakota Limited Partnership consisting
of John B. Soli and Garry A. Pearson,
Limited Partners, and University Devel-
opers, General Partner, a corporation;
Defendants and Appellants,

and

All other persons unknown claiming any
estate or interest in, or lien or encum-
brance upon the property described in
the complaint, Defendants.

Civ. No. 10352.

Supreme Court of North Dakota.

June 24, 1983.

Vaaler, Gillig, Warcup, Woutat, Zimney
& Foster, Grand Forks, for plaintiff and
appellee; argued by Alan B. Warcup,
Grand Forks.

Degnan, McElroy, Lamb, Camrud, Mad-
dock & Olson, Grand Forks, for defendants
and appellants; argued by Gerald J. Haga,
Grand Forks.

ERICKSTAD, Chief Justice.

This is an appeal by the defendants (Uni-
versity Developers) from a summary judg-
ment in favor of the plaintiff, National
Credit Union Share Insurance Fund (Na-
tional), dated October 14, 1982, permitting
National to foreclose a real estate mortgage
on the following property (Village Resubdi-
vision):

"All of Block 'B', except Lots 12, 13, 14,
18, 19 and 20, Replat of Block 2, Village
Resubdivision No. 2, Grand Forks, North
Dakota, according to the Plat thereof on
file in the Office of the Register of Deeds
within and for Grand Forks County, N.D.
and recorded in Book '152' of Deeds, on
page 353.

"Formerly platted as Lots 3, 4 and 5 of
Block 2, Village Resubdivision No. 2,
Grand Forks, North Dakota, according to
the Plat thereof on file in the Office of
the Register of Deeds within and for
Grand Forks County, N.D. and recorded
in Book ';52' of Deeds, on page 251."

University Developers has also appealed
from an order of the district court, dated
September 23, 1982, denying its motion to
amend its answer to assert certain affirma-
tive defenses. We reverse the summary
judgment and remand to the district court
for entry of a judgment dismissing Nation-
al's mortgage foreclosure action against
University Developers.

On January 15, 1980, University Develop-
ers gave a mortgage on Village Resubdivi-

sion to the Grand Forks AFB and Community Credit Union (Grand Forks) in the amount of $976,992.65. By its terms that mortgage was made subject to a first mortgage on Village Resubdivision given, on that same date, by University Developers to the Jamestown Community Co-op Credit Union (Jamestown) in an amount of $425,000.00.

On February 17, 1981, Grand Forks filed an action to foreclose its mortgage. During the pendency of the lawsuit, the parties stipulated to substitute National, to whom Grand Forks' mortgage had been assigned, as the plaintiff in the case.

On February 8, 1982, the district court, the Honorable Judge O'Keefe, sitting, entered a judgment foreclosing Jamestown's first mortgage on Village Resubdivision. University Developers and Grand Forks were named as defendants in Jamestown's foreclosure action. The foreclosure judgment provided in relevant part:

"4. That [Jamestown] is awarded a judgment decree in foreclosure as to the mortgage described above and set forth in [Jamestown's] Complaint. . . .

"5. That the liens or encumbrances upon, estates, or interest in and to the real property and premises covered by the lien of [Jamestown's] said mortgage and hereinbefore described, of the Defendants and each of them, and of all persons claiming from, through, or under the Defendants or any of them, subsequent to the execution and recording of [Jamestown's] mortgage and subsequent to the commencement of this action, are subsequent, inferior and subordinate to the lien of [Jamestown's] mortgage, and subject thereto, and that the lien of [Jamestown] under and by virtue of said mortgage is a superior and paramount lien.

\* \* \* \* \* \*

"10. That the Defendants, and each of them, and all persons claiming for, through, or under the Defendants, or any of them, by judgment decree, or otherwise, upon the land described above as covered by the lien of [Jamestown's] said mortgage . . . be forever barred and foreclosed from and to all equity or redemption and claim in, of, and to said mortgaged premises and every part and parcel thereof, except as provided by law."

As a result of that foreclosure judgment Village Resubdivision was sold to Jamestown at a sheriff's sale on March 23, 1982, and the proceeds were distributed to satisfy Jamestown's mortgage and to pay certain other statutorily permitted costs and fees.

On October 14, 1982, the district court, the Honorable Judge O'Keefe, sitting, entered its summary judgment foreclosing National's mortgage on Village Resubdivision. It is from this summary judgment of foreclosure that University Developers has appealed.

The district court's entry of the foreclosure judgment in favor of National on October 14, 1982, must be examined in light of the foreclosure and redemption laws in this state under Chapter 32-19, N.D.C.C., and Chapter 28-24, N.D.C.C., respectively. Under those laws National was not entitled to foreclose its mortgage after Jamestown foreclosed its prior mortgage, but was left, instead, with a statutory right of redemption. See, Kulm Credit Union v. Harter, 157 N.W.2d 700 (N.D.1968); Warren v. Slaybaugh, 60 N.D. 609, 235 N.W. 689 (1931); McDonald v. Beatty, 10 N.D. 511, 88 N.W. 281 (1901). We conclude that the district court erred in permitting National to foreclose its mortgage on October 14, 1982, after the foreclosure of Jamestown's first mortgage on the same property.

Under Section 32-19-18, N.D.C.C., all real property sold as a result of a foreclosure judgment may be redeemed at any time within one year after the sale as prescribed under Chapter 28-24, N.D.C.C. Under Section 28-24-01, N.D.C.C., a mortgagee whose mortgage is subsequent to the foreclosed mortgage may redeem the property. When Jamestown foreclosed its mortgage on the Village Resubdivision, an action in which National's predecessor-in-interest (Grand Forks) was made a party, National's right to foreclose its mortgage was extinguished, and, instead, National be-

came entitled to redeem the property within one year by, among other things, producing a record of its mortgage certified by the register of deeds. Section 28–24–05, N.D. C.C. When the one-year redemption period expired, National lost all rights to or interest in the property through its mortgage. *See, Kulm Credit Union v. Harter,* 157 N.W.2d 700 (N.D.1968).

Under paragraph 11 of its complaint, National stated its intent to bring a separate action "based on the guarantee of John B. Soli and Garry A. Pearson." Nothing in this opinion precludes National from commencing such an action or from otherwise pursuing remedies which may remain available to it.

In accordance with this opinion the summary judgment of the district court is reversed, and the case is remanded with instructions for the district court to enter a judgment dismissing National's foreclosure action against University Developers.

SAND, VANDEWALLE, PEDERSON and PAULSON, JJ., concur.