**UNITED STATES of America, Plaintiff,**

v.

**Vincent R. LARSON; Audrey H. Larson; Prairie Farms; Verdjie Larson, individually and as personal representative of the Estate of Robert Larson; The Federal Land Bank of Saint Paul; Farmers Union Elevator Co., Velva, North Dakota; and Continental Grain Company, Defendants.**

**Civ. No. A4–83–179.**

United States District Court,
D. North Dakota,
Northwestern Division.

April 23, 1986.

Gary Annear, Asst. U.S. Atty., Fargo, N.D., for plaintiff.

James R. Jungroth, Jamestown, N.D., and Michael G. Sturdevant, Minot, N.D., for defendants.

## MEMORANDUM AND ORDER

VAN SICKLE, District Judge.

Defendants Vincent R. Larson (Vincent) and Audrey H. Larson (Audrey) move to dismiss the complaint. Plaintiff opposes that motion.

## FACTS

This action concerns mortgages on certain property, located in Ward County, North Dakota, owned by Defendants Vincent and Audrey.

On November 29, 1978, Vincent executed a note and mortgage to Robert Larson (Robert) and Verdjie Larson (Verdjie). The face indebtedness secured by that mortgage was $250,000.00. Robert and Verdjie, and Verdjie alone after Robert's death, made subsequent loans to Vincent on various dates between November 29, 1978 and January 1, 1983; those subsequent loans totalled $370,090.01.

On April 3, 1981, Vincent and Audrey, doing business as Prairie Farms, executed a promissory note in the amount of $188,500.00, along with a mortgage securing that note, to the Small Business Administration (SBA). The 1981 mortgage to SBA covered the same property as did the 1978 mortgage to Robert and Verdjie.

On December 21, 1982, Vincent executed a promissory note to Verdjie in the amount of $23,901.01; on the same date Vincent and Audrey executed a mortgage securing that note to Verdjie, individually and as executrix of the estate of Robert.

Vincent and Audrey defaulted on their obligations to Verdjie as well as on their obligations to SBA. In another action, Civil No. A4–83–152, Verdjie sued to foreclose the 1978 mortgage. SBA asserted that its lien had priority over the lien created when the subsequent advances were made to Vincent and Audrey. In an order filed in that action on May 29, 1985, this court ruled that federal law required that the question of the priority of SBA's lien be determined under state law, but denied Verdjie's motion for summary judgment upon concluding that there remained genuine issues of material fact concerning the doctrine of marshalling assets. In a later order, filed October 18, 1985, this court considered affidavit evidence presented, concluded that the doctrine of marshalling

assets did not apply, and granted summary judgment to Verdjie. On January 9, 1986, this court entered judgment in Verdjie's favor in Civil No. A4–83–152, and decreed that the property could be sold at a judicial sale.

## DISCUSSION

In this action, Civil No. A4–83–179, SBA seeks foreclosure of the 1981 mortgage. In support of the motion to dismiss, Vincent and Audrey assert that North Dakota law governing mortgage foreclosure applies and that North Dakota law precludes SBA from seeking remedies other than redemption after foreclosure. SBA argues that foreclosure of its mortgage is governed by federal law rather that state law, and that under federal law it is entitled to a deficiency judgment.

 This court has determined that Verdjie's mortgage on the property is superior to SBA's mortgage. This court has also determined that Verdjie is entitled to foreclosure, by judicial sale, of her mortgage. Verdjie's rights under her mortgage are governed by state law. Under North Dakota law, she is entitled to foreclosure of that mortgage without regard to the effect of that foreclosure on SBA's junior mortgage. *National Credit Union Share Insurance Fund v. University Developers,* 335 N.W.2d 559, 560 (N.D.1983).

Vincent and Audrey do not dispute that SBA is entitled to redeem the property after foreclosure of Verdjie's mortgage. Should SBA choose to exercise that right, it would then likely be entitled to foreclose its mortgage. *Id.* Since SBA has not moved for judgment in its favor, this court need not consider whether SBA is entitled to foreclose its mortgage without redeeming the property.

SBA argues that its rights are governed by federal law, that under federal law it is entitled to proceed to obtain a deficiency judgment, and that it is entitled to so proceed without following state law procedures. SBA bases its position on provisions of the loan documents and on the following regulation:

*Applicable law.* (1) Loans made by SBA are authorized and executed pursuant to Federal programs adopted by Congress to achieve national purposes of the U.S. Government.

(2) Instruments evidencing a loan, obligation of security interest in real or personal property payable to or held by the Administration or the Administrator, such as promissory notes, bonds, guaranty agreements, mortgages, deeds of trust, and other evidences of debt or security shall be construed and enforced in accordance with applicable Federal law.

(3) In order to implement and facilitate these Federal loan programs, the application of local procedures, especially for recordation and notification purposes, may be utilized to the fullest extent feasible and practicable. However, the use of local procedures shall not be deemed or construed to be any waiver by SBA of any Federal immunity from any local control, penalty, or liability.

(4) Any person, corporation, or organization that applies for and receives any benefit or assistance from SBA, or that offers any assurance or security upon which SBA relies for the granting of such benefit or assistance, *shall not be entitled to claim or assert any local immunity to defeat the obligation such party incurred in obtaining or assuring such Federal benefit or assistance.*

13 C.F.R. § 101.1(d) (1985) (Emphasis added). The note at issue includes the following provision:

This promissory note is given to secure a loan which SBA is making or in which it is participating and, pursuant to Part 101 of the Rules and Regulations of SBA (13 C.F.R. 101.1(d)), this instrument is to be construed and (when SBA is the Holder or a party in interest) enforced in accordance with applicable Federal law.

(Exhibit A to Complaint). The mortgage at issue includes the following provisions:

In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted,

and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the *deficiency without regard to appraisement.*

(Exhibit B to Complaint, Paragraph 5);

In compliance with section 101.1(d) of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.- 1(d)], this instrument is to be construed and enforced in accordance with applicable Federal law.

(Exhibit B to Complaint, Paragraph 9).

■ The question of application of federal law rather than state law was addressed in an earlier motion, when this court determined that state law provided the rule of decision in determining the priority of SBA's lien *vis a vis* Verdjie's lien. This court then stated:

It is clear that federal law governs the rights of the United States arising under nationwide federal programs such as the SBA's loan programs. *U.S. v. Kimbell Foods, Inc.,* 440 U.S. 715, 726 (1979). However, application of federal law does not inevitably require resort to uniform federal rules. "Whether to adopt state law or to fashion a nationwide federal rule is a matter of judicial policy 'dependent upon a variety of considerations always relevant to the nature of the specific governmental interests and to the effects upon them of applying state law.'" *Id.* at 728, *quoting U.S. v. Standard Oil Co.,* 332 U.S. 301, 310 (1947). *See also U.S. v. Conrad Publishing Co.,* 589 F.2d 949, 953 (8th Cir.1978).

(May 29, 1985 Order at 5). The factors to be considered in determining whether to adopt state law as the rule of decision are the need for a nationally uniform body of law, whether application of state law would frustrate specific objectives of the federal program, and the extent to which application of a federal rule would disrupt commercial relationships predicated on state law. *Kimbell Foods,* 440 U.S. at 728.

North Dakota law does not impose an absolute prohibition against a mortgagee seeking a deficiency judgment. Rather, it requires that a mortgagee seeking a deficiency judgment proceed in an action separate from the foreclosure action and that the mortgagee so proceed only *after* foreclosure and sale of the property. N.D. Cent.Code §§ 32–19–07, 32–19–04, 32–19–06 (1976). *See also Mischel v. Austin,* 374 N.W.2d 599 (N.D.1985); *H & F Hogs v. Huwe,* 368 N.W.2d 553 (N.D.1985). The specific question to be determined on this motion is whether SBA is entitled to proceed to obtain a deficiency judgment without following North Dakota procedural law as outlined in sections 32–19–04 and 32–19–06.

In considering the need for a nationally uniform body of law, this court feels the state has a strong interest in its laws affecting real estate liens and that the state interest is at least as strong as the need for a nationally uniform body of law on remedies available to SBA. To the extent the objectives of SBA's lending program include the government's recoupment of monies loaned, application of the state law would frustrate objectives of the SBA program. The final factor to be considered under *Kimbell Foods,* the extent to which application of a federal rule would disrupt commercial relationships predicated on state law, is of less significance. The loan documents specify that federal law governs, so it does not appear the SBA–Larson transaction was predicated on state law. Further, there are not commercial relationships involving parties outside the SBA–Larson transaction to be considered; the question addressed in this order is different in that respect from the lien priority question addressed in the May 29, 1985 order.

■ In considering the balance of the three *Kimbell Foods* factors, this court concludes that state law should not be adopted as the rule of decision in determining whether SBA may seek a deficiency judgment. Provisions of federal law must therefore govern, and there is not a suggestion that federal law prohibits SBA from proceeding to obtain a deficiency judgment. The language of the mortgage

specifies that SBA may seek a deficiency judgment.

In reaching this conclusion, this court is guided by several decisions of the Court of Appeals for the Eighth Circuit. The Eighth Circuit recently determined that Farmers Home Administration (FmHA) regulations, rather than state law, governed release of FmHA liens since state law would conflict with the federal interest in the FmHA loan program. *U.S. v. Missouri Farmers Ass'n, Inc.*, 764 F.2d 488 (8th Cir.1985). In *U.S. v. Victory Highway Village, Inc.*, 662 F.2d 488 (8th Cir.1981), the court held that Minnesota's redemption statute did not apply to foreclosure of federally held or insured loans under the National Housing Act. *See also U.S. v. Great Plains Gasification Associates*, Civil No. A1–85–237 (D.N.D. Jan. 14, 1986). Vincent and Audrey cite several cases from other circuits in support of their position. None of those cases deals with the specific question to be decided on this motion and those decisions are not binding on this court.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED:

The motion of Defendants Vincent R. Larson and Audrey H. Larson to dismiss the complaint is denied.