GARY L. N. HALL, Plaintiff-Appellee, *v.* ANTHONY MONTALEONE
*et al.*, Defendants-Appellants.

Second District (2nd Division)    No. 75-228

Opinion filed May 25, 1976.

Sam J. Cannariato, of Rockford, for appellee.

Roger L. Smith, of Reno, Zahm, Folgate, Skolrood, Lindberg & Powell, of Rockford, for appellants.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

This appeal arises out of an action for specific performance of a contract for the sale of real estate.

The plaintiff, who was tenant and lessee of certain farm premises, executed a land contract with the defendants, who were the owners of the property. The contract provided that the plaintiff would purchase the described premises and the defendants would sell the same for the sum of $35,000, payable as follows:

> "$1000 as earnest money to be applied on the purchase price and the balance of $34,000 as follows: Buyer and Seller to sign agreement for deed * * * with the principal balance of $25,000 and interest at the rate of 9% for term of 10 years with semiannual payments of $1500 (or more) for principal and interest, balance in cash at time of closing."

The defendants later refused to perform the contract, whereupon the plaintiff sued for specific performance.

The defendants in their answer to the complaint asserted that the land contract in question was usurious and contrary to law and is therefore not a valid contract enforceable by specific performance. In support of this argument the defendants cite the interest statute (Ill. Rev. Stat. 1971, ch. 74, par. 4) which provides in part:

> "In all written contracts it shall be lawful for the parties to stipulate or agree that 8% per annum, or any less sum of interest, shall be taken and paid upon every $100 of money loaned or in any manner due and owing from any person to any other person \* \* \* in this state \* \* \*."

The defendants in their brief acknowledge some exceptions to the rate of 8% set out in the interest statute but state these are not applicable to the circumstances of this case. This, even if true, is irrelevant. The question is not the rate of interest or whether certain exceptions to the 8% rate are applicable here but whether the defendants can avail themselves of the limitations on interest as a *defense* to a suit for specific performance of a contract for the sale of land wherein they are the lending party to whose advantage the usurious interest would accrue.

Both sides submitted briefs and the case was heard by the trial court without a jury. The testimony was very brief and was chiefly concerned with whether the plaintiff came within an exception to the limitation of 8% interest due to his operation being in the nature of a business operation. At the close of the evidence and after hearing arguments of counsel the court held that the defendants were not entitled to raise the defense of usury and granted summary judgment for the plaintiff.

■■ While there are, of course, contracts which, by reason of public policy, are absolutely void and unenforceable (as for instance, gambling contracts or contracts for an immoral or criminal purpose) we do not so consider a contract which merely provides a usurious rate of interest. That such a contract is not void *ab initio* is evident from decisions such as *Cohn v. Receivables Finance Co.*, 123 Ill. App. 2d 224. In *Cohn* the borrower was held to the contract even though it was usurious, because he initiated the loan and did so under circumstances in which he had a fiduciary relationship with the lender. The relevant point for our purposes here is that the court did not hold the contract void, but only voidable, and in the particular circumstances the borrower was estopped to avoid it.

■■ On the other hand, as was said in *Rogus v. Continental Illinois National Bank & Trust Co.*, 4 Ill. App. 3d 557, 560:

> "The obvious general purpose of the usury statute is to protect the necessitous borrower from an unscrupulous lender."

The statute was enacted for the borrower's benefit and if he does not plead it, it is waived as a defense. (Ill. Rev. Stat. 1973, ch. 74, par. 7.) In *Hibernian Banking Association v. Davis*, 295 Ill. 537, where one creditor sought to reduce the claim of another competing creditor in a bankruptcy case by pleading the other creditor's lien was void by reason of usury, our Supreme Court said, page 545:

> "It is a sufficient answer to this contention to say that neither Mrs. Springer nor her trustee in bankruptcy, F. M. McKey, in answering

the original bill or amended or substitute bill, makes any claim of usury. The defense of usury is a right personal to the debtor and must be by him pleaded. If he is injured by usury it is for him to say whether such is so. He may choose to perform the contract and waive the defense of usury. No one else has the right to raise that defense."

The defense of usury in this case is founded on the contention that the contract, since it provided a usurious rate of interest is illegal and void and cannot be sued upon. However, it is clear from the authorites cited above that even as to the borrower, for whose benefit the statute was enacted, a usurious contract is not void but only voidable. Moreover, the borrower cannot use the statute to take advantage of his own wrong *(Cohn v. Receivables Finance Co.; Rogus v. Continental Illinois National Bank & Trust Co.)* If the borrower, for whose benefit the statute was enacted, cannot use it to take advantage of his own wrong, it is hardly logical to allow the lender against whom the statute is aimed, to do so.

In our opinion the usury statute does not render a usurious contract void and the borrower may enforce the contract, waiving the question of usury. It would seem to be a necessary consequence of this holding that as a practical matter the defense of usury is never available to the lender since it would only be raised by the lender where the borrower affirmed the contract and in that case the point is waived.

The judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.