JULIA HUSS, Plaintiff-Appellant, *v.* FRANK MARAS *et al.*, Defendants-Appellees.

Second District   No. 78-536

Opinion filed October 19, 1979.

Nickels & McClow, of Elburn, for appellant.

Paul A. Lewis, of Alschuler, Putnam, McWethy & Weiss, of Aurora, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Whether unpaid purchase money due under a real estate installment contract is a "loan" with interest governed by the usury statute, and if so, whether the "business loan" exception applies (Ill. Rev. Stat. 1975, ch. 74, par. 4(c)), are the issues in this appeal.

The plaintiff Julia Huss, the purchaser, filed a complaint to recover double the amount of interest paid as a penalty pursuant to the usury statute (ch. 74, par. 6), setting forth the installment contract evidencing the purchase of an apartment building, alleging that the interest which plaintiff had paid amounted to more than 8% per annum. The defendants Frank Maras and Dorothy Maras, the sellers, moved to dismiss the complaint pursuant to section 48(1)(i) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(i)); and attached an affidavit which, in substance, alleged that the property, consisting of five rental units, was purchased as an investment and that no part of the building was at any time occupied by the defendants as their residence; and, further, that the contract payments were designed to cover loans which the defendants incurred to purchase the property, with interest on one loan at 8½% per

annum and on the other 18.8% per annum. The plaintiff did not offer affidavits or other proof denying the facts alleged in the affidavit.

The trial court concluded that the transaction was a business loan exempted by the usury statute (or, alternatively, a time-payment contract), and granted defendants' motion to dismiss. Plaintiff appeals, contending that no loan, business or otherwise was involved; and that the defense in any event was improperly raised by affidavit.

■■ Initially, we conclude that the setting forth of the business loan exemption is appropriately the type of new matter which may be presented in a motion to dismiss under section 48(1)(i). (See, *e.g.*, *Kinney v. Continental Assurance Co.* (1976), 42 Ill. App. 3d 263, 265. See also *Central Clearing, Inc. v. Omega Industries* (1976), 42 Ill. App. 3d 1025, 1028.) There was no pleaded response to this allegation. Therefore, the fact that the transaction involved the sale of a business was uncontroverted.

The contract was entered into in June of 1976. The relevant section 4 of "An Act in relation to the rate of interest and other charges in connection with sales on credit and the lending of money" (Ill. Rev. Stat. 1975, ch. 74, par. 4) applies and provides, as material:

> "In all written contracts it shall be lawful for the parties to stipulate or agree that 8% per annum, or any less sum of interest, shall be taken and paid upon every $100 of money loaned or in any manner due and owing from any person to any other person or corporation in this state, and after that rate for a greater or less sum, or for a longer or shorter time, except as herein provided.
>
> \* \* \*
>
> It is lawful to charge, contract for, and receive any rate or amount of interest or compensation with respect to the following transactions:
>
> \* \* \*
>
> (c) Any business loan to a business association or copartnership or to a person owning and operating a business as sole proprietor or to any persons owning and operating a business as joint venturers \* \* \*."

Plaintiff argues that the general 8% limit on interest rates for money "in any manner due and owing" applies to the balance due on the installment contract to purchase real estate but that the installment balance is not "money loaned" and therefore cannot be within the exception of "any business loan." We cannot agree.

■■■ Although no authority appears to have defined the word "loan" in the context of the business loan exception, the term should be broadly read so as to effectuate the policy underlying the exception. It appears that the legislature intended to give vitality to business financing, to make

financing more available to smaller business ventures by exempting such transactions, whether evidenced by loans in the conventional sense or by any other financing. It is true, as plaintiff argues, that section 4 of the Act includes money "due and owing" as well as "money loaned" while the exemption in subsection (c) refers only to any "business loan." However, we find from our review of the history of the various legislative changes to the Act that the difference in terminology does not evidence the legislative intention to preclude a business transaction involving real estate from the business loan exemption merely because it involves an installment contract method of payment or financing. As noted in *Ross v. Lake City Equity Finance Corp.* (7th Cir. 1970), 425 F.2d 1, 3:

> "It is apparent that the legislature sought to provide for unincorporated businesses for whose large scale financing funds would not be readily available absent special provision such as this exemption in the usury statute. The affidavit of the loan applicants, on which defendant relied, did bring the loan within the scope of Sec. 4(c)."

Section 4(c) of the Act defines business to mean "a commercial or industrial enterprise which is carried on for the purpose of investment or profit, but shall not be deemed to mean the ownership or maintenance of real estate occupied by an individual obligor solely as his residence". (Ill. Rev. Stat. 1975, ch. 74, par. 4(c).) Under the facts before us the transaction in question was made solely for the purpose of acquiring property to be used to generate rental income, and the transaction is therefore within the statutory definition.

This is not to say that a transaction stated to be a business loan but which is in substance so designated for the purpose of evading the usury laws will be upheld. (See *Contract Buyers League v. F & F Investment* (N.D. Ill. 1969), 300 F. Supp. 210, 228. See also Annot., 14 A.L.R. 3d 1065, 1124-28 (1967).) Here, however, the facts evidence a business loan and not a device to avoid the laws against usury.

Parenthetically, we do not agree with the alternative basis for decision mentioned by the trial court, that this might be construed as a time-payment contract not subject to the usury laws. The contract before us does not provide for one fixed price if paid at a given time and another sum if paid at another time but specifically provides for 180 monthly payments, each to consist of stated amounts of principal and interest.

The judgment of the trial court is affirmed.

Affirmed.

GUILD, P. J., and LINDBERG, J., concur.