Ronald L. MISCHEL and Helen
Mischel, Plaintiffs and
Appellees,

v.

Donald D. AUSTIN, Defendant,

and

Larry D. Rafferty, and Maida Rafferty,
Defendants and Appellants.

Civ. No. 10959.

Supreme Court of North Dakota.

Oct. 1, 1985.

Maury C. Thompson, of Christensen & Thompson, Bismarck, for plaintiffs and appellees.

Thomas F. Murtha, of Murtha & Murtha, Dickinson, for defendants and appellants.

VANDE WALLE, Justice.

The sole issue on appeal in this action is whether under Chapter 32–19.1, N.D.C.C., a second mortgagee can sue directly on the note. The trial court ruled that the second mortgagee could sue directly on the note and ordered judgment entered against the mortgagors for the unpaid balance, interest, and costs. We reverse.

On March 2, 1979, Donald Austin, Larry Rafferty, and Maida Rafferty (mortgagors) gave a first mortgage to Metropolitan Federal Savings and Loan (Metropolitan Federal). On the same date, the mortgagors gave a second mortgage to Ronald and Helen Mischel. The second mortgage was a short-term redemption mortgage subject to the provisions of Chapter 32–19.1, N.D.C.C. The mortgagors also gave the Mischels a promissory note in conjunction with the second mortgage.

Following a default by the mortgagors on both mortgages and the note, Metropolitan Federal foreclosed on the first mortgage and obtained judgment against the mortgagors. The Mischels did not redeem the first mortgage so that they could foreclose on the second. Instead, the Mischels sued directly on the note.

In our recent decision in *H & F Hogs v. Huwe*, 368 N.W.2d 553, 556 (N.D.1985),[1] we held that a mortgagee could not sue mortgagors directly on the promissory note.

"... A lender that takes a mortgage on real property as security for a debt foregoes its right to proceed initially against the mortgagor directly on the debt, but receives in return the added protection of an interest in the property.... If we were to adopt the reasoning of H & F and allow a mortgagee to proceed against the mortgagor directly on the debt, the protections afforded

---

1. We note that trial judge's ruling occurred before this court's decision in *H & F Hogs v. Huwe,*

368 N.W.2d 553 (N.D.1985).

mortgagors by the anti-deficiency judgment statutes would be largely vitiated." This analysis applies equally well here. Under Section 32–19.1–07 of the Short-Term Mortgage Redemption Act, deficiency judgments are prohibited altogether. This statute would have little viability if we were to allow any mortgagee to sue directly on the note. A mortgagee's remedy, if any, is through foreclosure.

■ The mortgagees in this case argue that the North Dakota anti-deficiency statutes apply only to original mortgages and not to "someone holding a note outside the original transaction." This logic may apply in situations where the person suing on the note is outside of the mortgage transaction, such as a guarantee. See *Bank of Kirkwood Plaza v. Mueller*, 294 N.W.2d 640 (N.D.1980). But where a promissory note is executed in conjunction with the taking of a mortgage, the provisions of the State's anti-deficiency statutes apply.

This is true regardless of whether the mortgagee holds a first or subsequent mortgage. The Mischels argue that the Legislature did not intend the anti-deficiency statutes to apply to second mortgages. If the Legislature had wanted the anti-deficiency provisions to apply only to the first mortgage, it would have so stated. Except when a contrary intention plainly appears, words used in the singular number include the plural. See Section 1–01–35, N.D.C.C. And where there is no ambiguity in the statute, we have no need to refer to the legislative history. See Sections 1–02–05 and 1–02–39, N.D.C.C.[2]

Just as we refused to "extend the scope of the anti-deficiency statutes beyond that which is clear from the statute" in *Mueller*, we refuse to limit the scope of the anti-deficiency statutes by an unnecessarily restrictive construction that hinders their purpose and creates the anomaly of placing a junior mortgagee in a better position than the senior mortgagee. An argument for such a drastic modification of the anti-deficiency statutes should be addressed to the Legislature, not to this court. *Fetzer v. Minot Park District*, 138 N.W.2d 601 (N.D.1965).

The Mischels also place great emphasis on our previous language to the effect that "the mortgage and the note are separate and independent obligations from the debt" [*First Federal Sav. and Loan Ass'n v. Scherle*, 356 N.W.2d 894, 896 (N.D.1984)], and that "the note and mortgage are separate contracts, each with its own remedy ..." [*Lincoln Nat. Life Ins. Co. v. Kelly*, 73 N.D. 622, 628, 17 N.W.2d 906, 909 (1945)]. This general rule of law is correct, and it applies except where the rule has been modified by legislative enactment. In this case, the provisions of the anti-deficiency statutes have limited the application of the rule, thus limiting the remedy available to a mortgagee.

Because the anti-deficiency statutes prevent mortgagees from suing directly on the note, the lower court erred in holding that the Mischels were entitled to judgment and ordering that judgment be entered against the mortgagors. The lower court's ruling is reversed, and the court is directed to enter judgment in favor of the mortgagors.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

---

**2.** Mischel's counsel asserted in oral argument that the situation today is different from when the Legislature enacted the initial anti-deficiency statute in 1933 because of different market conditions and creative financing. Because there is no ambiguity in the statute we have no occasion in our interpretation of the statute to consider the Legislature's intent as of the date of passage. However, we doubt that counsel's assertion is justified by law or fact. See, e.g., Vogel, *The Law of Hard Times: Debtor and Farmer Relief Actions of the 1933 North Dakota Legislative Session*, 60 N.D.L.Rev. 489, 491–492 (1984).