WILLIAM A. McCOMB, Plaintiff-Appellee, v. THOMAS R. McWILLIAMS, Defendant-Appellant.

Second District   No. 2—86—0118

Opinion filed March 24, 1987.

Walter J. O'Brien II, Angela Imbierowicz, and Madonna Muscarello, all of O'Brien & Associates, P.C., of Oak Brook Terrace, for appellant.

Jack F. Kuhlman and Deborah M. Scott, both of Collis, Kuhlman & Scott, Ltd., of Hinsdale, for appellee.

JUSTICE NASH delivered the opinion of the court:

Defendant, Thomas McWilliams, appeals from a judgment entered by the circuit court in favor of the plaintiff, William McComb, after a trial of plaintiff's action on a promissory note. In trial, defendant raised the affirmative defense of usury and sought to recover damages as provided for in section 6 of "An Act in relation to the rate of interest ***" (Interest Act) (Ill. Rev. Stat. 1981, ch. 17, par. 6413). On appeal, defendant contends: (1) that the circuit court erred in finding defendant failed to establish that plaintiff knowingly charged an unlawful rate of interest, and (2) that the circuit court lacked authority to award plaintiff attorney fees.

The promissory note was executed as part of a complicated transaction wherein plaintiff and defendant exchanged parcels of real property. The agreed outcome of the transaction was that the defendant owed plaintiff the sum of $26,985.60, for which he executed a promissory note payable to the plaintiff. The note bore interest at a rate of 12% and provided for monthly installment payments of $500 for two years and a balloon payment. At the closing, no agreements were signed and plaintiff conveyed certain property to the defendant by deed. The note was not executed by defendant until several months later, and it was unsecured.

When the defendant fell delinquent in his payments, plaintiff brought an action on the note, seeking to recover the principal and accrued interest in the amount of $27,424.41, as well as attorney fees and costs. In his answer to the complaint, defendant raised the affirmative defense of usury, alleging that the interest rate of 12% exceeded the maximum legal rate of 9%, and sought to recover statutory damages. Ill. Rev. Stat. 1981, ch. 17, par. 6413.

In a bench trial, attorney Robert Borla, who represented plaintiff at the closing, testified that he did not prepare the note, but believed defendant's attorney or someone from that attorney's office prepared it. It was Borla's understanding that the note was to have been secured by a second mortgage, but it was not. He thought the maximum lawful rate of interest was 8% and did not recall how the parties arrived at a rate of 12% or whether he advised plaintiff as to the interest rate.

Plaintiff, who was employed as a business systems analyst and held a real estate broker's license, testified that defendant offered to pay 12% interest on the note, which plaintiff felt was low but agreeable. Plaintiff further testified that prior to the suit's being filed, defendant offered to settle the indebtedness on the loan for $16,000 and that after the suit was filed, plaintiff offered to recompute the note at 9%. At the time of the transaction, plaintiff did not know that 12% was usuri-

ous.

Robert Hilt, a realtor who handled the transaction, testified that it was the defendant who prepared the note and offered the interest rate of 12%.

Defendant, who was also a real estate broker, testified that plaintiff told him 12% was the rate of interest he would have to pay if he wanted plaintiff's property and that he eventually agreed to pay this rate. Over plaintiff's objection, defendant testified that after the suit was filed, defendant offered to discount the note for $18,000. Both defendant and his attorney, Craig Loveless, testified that at the time of the transaction, neither of them knew that a 12% rate of interest was usurious.

The trial court entered judgment for plaintiff for the balance due on the note, with interest at 9%, and awarded plaintiff his attorney fees and costs. Finding that the defendant failed to establish that plaintiff knowingly charged an unlawful rate of interest, the court refused to award the plaintiff statutory damages.

■■■ Defendant first contends that the court erred in finding that he failed to establish that plaintiff knowingly charged an unlawful rate of interest. In support of the judgment, plaintiff argues that the usury statute is inapplicable in the present case because the transaction was not a loan of money. We find plaintiff's argument dispositive of this issue and consider it first.

Section 6 of "An Act in relation to the rate of interest ***" gives a borrower a right of action against the usurious lender, and provides, in pertinent part:

> "If any person or corporation knowingly contracts for or receives, directly or indirectly, by any device, subterfuge or other means, unlawful interest, discount or charges *for or in connection with any loan of money*, the obligor may, recover by means of an action or defense an amount equal to twice the total of all interest, discount and charges determined by the loan contract or paid by the obligor, whichever is greater, plus such reasonable attorney's fees and court costs as may be assessed by a court against the lender. *** A bona fide error in connection with a loan shall not be a violation under this section if the lender corrects the error within a reasonable time." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 17, par. 6413.

Usury is defined as an illegal profit required and received by a lender of a sum of money from the borrower. (*Clemens v. Crane* (1908), 234 Ill. 215, 229-30, 84 N.E. 884; *First National Bank v. Larkins* (1983), 111 Ill. App. 3d 953, 954, 444 N.E.2d 818, *appeal denied* (1983),

94 Ill. 2d 552.) There can be no usury when there is "in no sense a loaning of money." (*Manufacturers Finance Trust v. Stone* (1929), 251 Ill. App. 414, 420.) The purchase and sale of property is not a loan. *Eames v. Hardin* (1884), 111 Ill. 634, 645; *First National Bank v. Larkins* (1983), 111 Ill. App. 3d 953, 955, 444 N.E.2d 818; *Gecht v. Suson* (1971), 3 Ill. App. 3d 183, 188, 278 N.E.2d 193, *appeal denied* (1972), 49 Ill. 2d 577.

In the present case, defendant's obligations on the note arose from an exchange of property by the parties which resulted in defendant's owing plaintiff $26,985.60. Here, there was no advancement or loan of funds by plaintiff to defendant, and, as the transaction is more properly characterized as a purchase and sale of property than a loan of money, the Interest Act does not apply. Since defendant's only argument for reversal is addressed to the elements of usury, which we find is not applicable to this transaction, the judgment for plaintiff on the note will be affirmed.

Defendant also contends that the trial court lacked authority to award plaintiff's attorney fees and costs. Plaintiff responds that defendant waived this issue by failing to make this specific objection in the trial court. Since the rule of waiver is a limitation on the parties and not on the courts, and a reviewing court may ignore the waiver rule in order to achieve a just result (*People v. Hoskins* (1984), 101 Ill. 2d 209, 219, 461 N.E.2d 941), we choose to consider the question in this case.

Attorney fees may not be awarded in the absence of some specific statutory authority or an agreement. (*House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 51-52, 245 N.E.2d 468, *cert. denied* (1969), 396 U.S. 8, 24 L. Ed. 2d 8, 90 S. Ct. 26; *Sanelli v. Glenview State Bank* (1984), 126 Ill. App. 3d 411, 415, 466 N.E.2d 1119.) Plaintiff argues that the promissory note contains an agreement to pay attorney fees; however, the only reference to fees in the note is an agreement to pay reasonable attorney fees in the event of a confession of judgment. Since plaintiff did not proceed by way of confession of judgment, this clause was inoperative. No other authority for an award of fees being apparent, we conclude the trial court erred in awarding plaintiff his attorney fees and costs.

Accordingly, we affirm that portion of the judgment awarding plaintiff the sum due on the promissory note, and reverse that portion awarding plaintiff attorney fees and costs.

Affirmed in part and reversed in part.

LINDBERG, P.J., and INGLIS, J., concur.