THOMAS TYRCHA, Plaintiff-Appellee, v. JAMES WESOLEK, Defendant-Appellant.

First District (3rd Division)    No. 1—88—2648

Opinion filed August 9, 1989.

James J. Jorgensen, of Chicago, for appellant.

Gordon & Glickson, P.C., of Chicago (Alan R. Borlack, of counsel), for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Defendant, James Wesolek, appeals from an order of the trial court which granted summary judgment in favor of plaintiff, Thomas Tyrcha, on the affirmative defense of usury in an action to recover on an installment note in connection with the parties' agreement for the sale and purchase of stock. On appeal defendant asserts that the trial court improperly found that "An Act in relation to the rate of interest and other charges in connection with sales on credit and the lending of money" (the Interest Act or Act) (Ill. Rev. Stat. 1983, ch. 17, par. 6401 *et seq.*) does not apply to contracts for the sale and purchase of property where a note is given to secure the balance of the purchase price.

For the reasons stated below, we affirm the judgment of the circuit court.

Plaintiff's complaint sought to recover a judgment against defendant in the amount of $116,124.37 for the balance due, plus interest and attorney fees, on the installment note. The stock purchase agreement, executed on October 24, 1984, provided that plaintiff, the seller and owner of all of the capital stock of A.A.A. Board-Up Service, Inc., agreed to sell, and defendant agreed to purchase, 490 of the company's 1,000 common shares. Defendant agreed to pay

$35,000 at the closing of the transaction and the balance of $114,000 at the interest rate of 10% per annum in equal monthly payments.

A judgment by confession was entered. Defendant then filed an answer to the complaint, admitting he executed and delivered the note, but denying the amount due to plaintiff and raising as affirmative defenses usury and fraud. The usury defense, pertinent to the instant appeal, asserts that the installment note violates the Interest Act in that the note requires defendant to pay interest at the rate of 10% per annum, while the Act provides a lawful maximum interest rate of 9% per annum. Defendant asserts that since the note is usurious, he is entitled to recover, pursuant to the Act, twice the amount of interest due under the note, or $133,519.20, plus costs and attorney fees.

In addition to his answer, defendant also filed a motion to open the judgment by confession and an affidavit. The court ordered that the judgment by confession be opened and set aside and granted defendant leave to demand a trial by jury. Plaintiff filed a reply to defendant's affirmative defenses, asserting, among other things, that defendant waived any claim of usury. Subsequently, plaintiff filed a motion for summary judgment on the usury affirmative defense, with affidavits of plaintiff and Milton C. Jacobson, plaintiff's counsel, attached. Plaintiff asserted that the parties' transaction was a purchase of property and not a loan of money, so that the Interest Act does not apply. After a hearing, the trial court granted plaintiff's motion for summary judgment on the affirmative defense of usury.

On appeal defendant contends that the trial court improperly found that the Interest Act does not apply to the parties' transaction. Defendant asserts that the language of the Act indicates that the statute applies not only to loan transactions, but also to credit transactions where interest is charged. Defendant points to the language in the preamble of the Act, that the Act relates to "sales on credit." Further, defendant refers to language in sections 4 and 8 of the Act (Ill. Rev. Stat. 1983, ch. 17, pars. 6404, 6416), where the Act provides for a maximum rate of interest to be lawfully contracted for in written agreements generally. Defendant also asserts that the statute fails specifically to exclude contracts for the sale and purchase of property. Further, defendant cites *Huss v. Maras* (1979), 77 Ill. App. 3d 554, 396 N.E.2d 92, and *Hall v. Montaleone* (1976), 38 Ill. App. 3d 591, 348 N.E.2d 196, for the proposition that an installment note contract to purchase real estate, where no money was loaned or changed hands, comes under the purview of the Act.

We find that defendant's argument must fail. The remedy

for a usurious note is set forth in section 6 of the Act, which provides in pertinent part:

"If any person or corporation knowingly contracts for or receives, directly or indirectly, by any device, subterfuge or other means, unlawful interest, discount or charges *for or in connection with any loan of money*, the obligor may, [*sic*] recover by means of an action or defense an amount equal to twice the total of all interest, discount and charges determined by the loan contract or paid by the obligor, whichever is greater, plus such reasonable attorney's fees and court costs as may be assessed by a court against the lender." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 17, par. 6413.)

Usury is an illegal profit required and received by a lender of a sum of money from the borrower. (*Clemens v. Crane* (1908), 234 Ill. 215, 229-30, 84 N.E. 884, 889; *McComb v. McWilliams* (1987), 153 Ill. App. 3d 601, 603, 505 N.E.2d 1378.) *Clemens* provides the following essential elements of usury: (1) a loan or forbearance; (2) the loan must be of money or something circulating as money; (3) the loan must be repayable absolutely; and (4) something in addition to lawful interest must be exacted. (*Clemens*, 234 Ill. at 229-30.) Thus, there can be no usury where there is "in no sense a loaning of money" between the parties. (*McComb*, 153 Ill. App. 3d at 603-04, citing *Manufacturers Finance Trust v. Stone* (1929), 251 Ill. App. 414, 420.) The purchase and sale of property is not a loan. *McComb*, 153 Ill. App. 3d at 604, citing *Eames v. Hardin* (1884), 111 Ill. 634, 645; see also *First National Bank v. Larkins* (1983), 111 Ill. App. 3d 953, 444 N.E.2d 818.

In the instant case, defendant's obligation to plaintiff resulted from his purchase of stock from plaintiff. Plaintiff did not loan defendant money. The parties' transaction therefore fails to meet the elements of usury and the Interest Act does not apply. The cases defendant cites to support application of the Act are distinguishable from the instant case. In *Huss v. Maras* (1979), 77 Ill. App. 3d 554, 396 N.E.2d 92, the court considered whether purchase money due under a real estate installment contract came within the "business loan" exception to the Interest Act, an issue not argued by the parties to the instant case on the motion for summary judgment. In *Hall v. Montaleone* (1976), 38 Ill. App. 3d 591, 348 N.E.2d 196, the court held that a lender could not use the Act to claim that a contract for the sale of real estate was usurious. Rather, the statute was enacted to protect the buyer from usurious contracts. (*Hall*, 38 Ill. App. 3d at 593.) In the instant case, unlike *Hall*, the lender is not at-

tempting improperly to take advantage of his own wrong.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

WHITE and CERDA, JJ., concur.