Violet O. BORSHEIM and George R. Borsheim, Plaintiffs and Appellants,

v.

Charles OWAN, Jr., Vernon Owan, Mitchell Owan, individually, and O & J Properties, a partnership consisting of R.E. Jacobsen, Charles Owan, Jr., Vernon Owan and Mitchell Owan, Defendants and Appellees,

and

R.E. Jacobsen, Defendant.

Civ. No. 900322.

Supreme Court of North Dakota.

March 19, 1991.

Charles L. Neff, of Bjella, Neff, Rathert, Wahl & Eiken, P.C., Williston, for plaintiffs and appellants.

Max D. Rosenberg, of Rosenberg Law Firm, Bismarck, for defendants and appellees.

VANDE WALLE, Justice.

Violet O. Borsheim and George R. Borsheim have appealed from a district court judgment dismissing their action against Charles Owan, Jr., Vernon Owan, Mitchell Owan and R.E. Jacobsen, individually, and O & J Properties, a partnership consisting of those individuals, to recover under a guaranty executed by the individual defendants. We affirm.

On December 12, 1986, the Borsheims secured a judgment against O & J Properties and the individual defendants, holding them jointly and severally liable for specific performance of a contract for deed and payment of the principal balance due under the contract for deed, plus interest. The parties thereafter negotiated for the release of that judgment. In 1987, the Borsheims released their judgment in exchange for a cash payment; a promissory note signed by all of the individual defendants; a mortgage on unimproved property; and a general continuing guaranty signed by all of the individual defendants, by which they jointly and severally guaranteed payment of the indebtedness evidenced by the promissory note. The guaranty also provided that each individual guarantor "specifically waives and releases his right to rely upon or seek protection against a deficiency judgment by virtue of any statutes or Supreme Court decisions."

After the defendants defaulted on the promissory note, the Borsheims brought this action for recovery under the defendants' guaranty. The district court dismissed the action and the Borsheims appealed, raising the following issues: 1) whether our anti-deficiency statutes apply to a mortgage and guaranty given to obtain a release of a judgment; 2) whether the district court erred in holding that the defendants' waiver of their right to seek protection against a deficiency judgment under our anti-deficiency statutes was void as a violation of public policy; and 3) whether, if not void, the waiver is sufficient to allow enforcement of the defendants' general continuing guaranty.[1]

Relying on § 32–19–07, N.D.C.C., the Borsheims contend that "no money was loaned by the Borsheims 'upon real estate or to secure the purchase price of real estate'" and that "[n]owhere in this statute does the legislature make any attempt to apply the statute to a situation where a mortgage and personal guarantees are taken to secure a negotiated release of a prior valid judgment lien." Section 32–19–07, N.D.C.C., provides in part:

1. The liability of the defendants on the note was joint and several. The guaranty also provided that the defendants were jointly and severally liable. As a result the plaintiffs do not rely on *Mandan Security Bank v. Heinsohn,* 320 N.W.2d 494 (N.D.1982) [personal guarantors were individually liable for partnership note]. *See First* *Nat'l Bank & Trust Co. v. Ashton,* 436 N.W.2d 215 (N.D.1989) [plaintiffs could not proceed directly against defendants on individual guaranties of their individual liability on note]. Nothing we have said in this opinion prohibits an action to foreclose the mortgage as provided by law.

"Except as otherwise provided in sections 32–19–04 and 32–19–06, neither before nor after the rendition of a judgment for the foreclosure of a real estate mortgage ... shall the mortgagee ... be authorized or permitted to bring any action in any court in this state for the recovery of any part of the debt secured by the mortgage ... foreclosed. It is the intent of this section that no deficiency judgment shall be rendered upon any note, mortgage, or contract given after July 1, 1951, to secure the payment of money loaned upon real estate or to secure the purchase price of real estate, and in case of default the holder of a real estate mortgage ... shall be entitled only to a foreclosure of the mortgage ... except as provided by sections 32–19–04 and 32–19–06."

■ The Borsheims' interpretation of the words "payment of money loaned upon real estate" is too narrow. Their construction would limit the prohibition on deficiency judgments to those transactions wherein the mortgage was given for the immediate exchange of money. For example, the Borsheims would deny the protection of the statute wherein an original loan which was unsecured is refinanced with a mortgage but without any new money loaned. We cannot conclude that was the intent of the legislation. Any obligation capable of being reduced to a money value may be secured by a mortgage. *E.E.E., Inc. v. Hanson,* 318 N.W.2d 101 (N.D.1982). Section 32–19–06, N.D.C.C., which is incorporated by reference in Section 32–19–07, N.D.C.C., provides in part "[w]here a note or other obligation and a mortgage upon real property have been given *to secure a debt* ... the plaintiff may, in a separate action, ask for a deficiency judgment" as provided in that section. (Emphasis supplied.) Thus we have said that "[w]here a promissory note is executed in conjunction with the

taking of a mortgage, the provisions of the state's anti-deficiency statutes apply." *First Nat'l Bank & Trust Co. v. Ashton,* 436 N.W.2d 215, 216–217 (N.D.1989). *See also Mischel v. Austin,* 374 N.W.2d 599 (N.D.1985). In *H & F Hogs v. Huwe,* 368 N.W.2d 553, 556 (N.D.1985), we said:

"A lender that takes a mortgage on real property as security for a debt foregoes its right to proceed initially against the mortgagor directly on the debt, but receives in return the added protection of an interest in the property.... If we were to adopt the reasoning of H & F and allow a mortgagee to proceed against the mortgagor directly on the debt, the protections afforded mortgagors by the anti-deficiency judgment statutes would be largely vitiated."

In *Mischel,* we rejected an argument that the anti-deficiency statutes apply only to original mortgages and not to someone holding a note outside the original transaction. We held that "where a promissory note is executed in conjunction with the taking of a mortgage, the provisions of the State's anti-deficiency statutes apply." *Mischel v. Austin, supra,* 374 N.W.2d at 600. Furthermore, the term "money loaned" or "money lent" is not a precise term of art. *Great American Insurance Co. v. Nat'l Health Services, Inc.,* 62 Cal. App.3d 785, 133 Cal.Rptr. 420 (1976) [manual passage of money into hand of borrower cannot be essence of loan. Courts have frequently discerned a loan where the ordinary inspector might not have]; *Huss v. Maras,* 77 Ill.App.3d 554, 33 Ill.Dec. 16, 396 N.E.2d 92 (1979) [balance due on installment contract for sale of real estate was "money loaned"]. *But see* Section 47–14–01, N.D.C.C. [Loan of money is a contract by which one delivers a sum of money to another and the latter agrees to return at a future time a sum equivalent to that which he borrowed.] [2]

---

2. The source note to Section 47–14–01, N.D.C.C., indicates it is derived from the California Civil Code Section 1912. [*But see, Bourgois v. M.D.U.,* 466 N.W.2d 813 (N.D.1991); *J.P. Furlong Enterprises, Inc. v. Sun Exploration & Production Co.,* 423 N.W.2d 130, 135 n. 15 (N.D.1988) ]. In California, as in North Dakota, an existing debt

is a sufficient consideration for a note. "Thus, where a note and mortgage are surrendered, and a new note and mortgage executed in consideration of the surrender and delivery, there is a loan of money, just as though at the time of the transaction the money had been delivered and immediately handed back and the new note

■ Here, a promissory note was executed in conjunction with the taking of a mortgage. A debt was created. Section 32–19–07, N.D.C.C., declares that, except as otherwise provided in §§ 32–19–04 and 32–19–06, N.D.C.C., a mortgagee may not bring an action for the recovery of any part of a debt secured by a mortgage, but is entitled only to a foreclosure of the mortgage. The anti-deficiency statutes apply to the transaction involved in this case.

■ The validity of the defendants' waiver of their right to seek protection against a deficiency judgment under our anti-deficiency statutes is controlled by the recent decision in *Brunsoman v. Scarlett*, 465 N.W.2d 162, 167 (N.D.1991), where the majority of our court held that "because of the public policy against deficiency judgments, the procedural rights granted mortgagors and vendees under the anti-deficiency judgment law cannot be contractually waived in advance of default." The defendants' predefault contractual waiver of the protections of the anti-deficiency statutes is ineffective.

Affirmed.

ERICKSTAD, C.J., LEVINE and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of GIERKE, J., disqualified.

VERNON R. PEDERSON, Surrogate Justice, dissenting.

It is bothersome to me whenever this court's decision in a case, or a cited precedent, is significantly supported by a statement that includes the phrase: "because of the public policy...." One such case was *Brunsoman v. Scarlett*, 465 N.W.2d 162 (N.D.1991). I did not agree with the majority in *Brunsoman* nor in *Hughes v. State Farm Mutual Auto. Ins. Co.*, 236 N.W.2d 870, 887 (N.D.1975) and, for relatively like reasons, I feel obliged to dissent here. See

also my dissent in *Bauer v. Bauer*, 356 N.W.2d 897, 900 (N.D.1984).

When the mortgage involved in a complex commercial financing arrangement is only incidental to the overall relationship, it appears immoral and unjust to allow a "statute of mercy" (§ 32–19–07, N.D.C.C.) to be used so unconscionably and mercilessly.

---

and mortgage received therefor. The law in such case looks at the substance of the transaction in determining its character, and if it is the intent of the parties that the transaction is to be

a loan, it will be so considered without regard to its form." 9 Cal.Jur.3d, *Banks and Other Financial Institution*, § 167 (1974).