UNITED STATES of America, Appellee,

v.

FARMERS COOPERATIVE
COMPANY, Appellant.

No. 82–1439.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1983.

Decided June 10, 1983.

Rehearing and Rehearing En Banc
Denied July 19, 1983.

---

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

John R. Mackaman, Barbara G. Barrett of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, Iowa, Thomas E. Mullin, Donald D. Mullin, Creston, Iowa, for appellant, Farmers Co-op. Co.

Richard C. Turner, U.S. Atty., Robert C. Dopf, Asst. U.S. Atty., Des Moines, Iowa, Donald R. Kronenberger, Jr., Deputy Regional Atty., U.S. Dept. of Agr., Kansas City, Mo., for appellee United States.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Farmers Cooperative Company appeals from the grant of summary judgment by the District Court[1] for the Southern District of Iowa. We affirm.

In exchange for loans received from the Farmers Home Administration (FmHA), David and Marilyn Libby executed promissory notes and security agreements giving the FmHA a security interest in all crops and farm products then owned or thereafter acquired by the Libbys. Financing statements covering the crops and farm products were filed with the Secretary of State of Iowa.

The Libbys subsequently defaulted on the loans. From November 1, 1979, through March 1, 1980, appellant purchased soybeans from the Libbys. There is no dispute that the soybeans were part of the collateral securing the Libbys' promissory notes to the FmHA. By letter of November 25, 1980, the FmHA demanded the proceeds of the sales from appellant. Appellant did not respond to the letter or otherwise comply with the demand for payment.

Thereafter the United States, on behalf of the FmHA, filed an action for conversion. In defense appellant alleged that FmHA had waived its security interest and was therefore estopped from asserting the interest against appellant. The district court granted the government's motion for summary judgment because appellant did not meet "its burden of generating a fact issue on ... its affirmative defense of waiver and estoppel." See Fed.R.Civ.P. 56(e) (must refer to record or affidavits setting forth *specific facts* demonstrating the existence of such a genuine issue).

After having reviewed the record and the briefs and listening to oral argument, we affirm on the basis of the district court's opinion.[2] See 8th Cir.R. 14.

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

2. To the extent that the district court opinion can be read as suggesting that Iowa law rather than federal law applies as to waiver, we agree with the government that 7 C.F.R. § 1962.17 governs the release of its security interest. *See United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 726, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979) ("federal law governs questions involving the rights of the United States arising under nationwide federal programs").