764 F.2d 488
 40 UCC Rep.Serv. 667, 42 UCC Rep.Serv. 691
 UNITED STATES of America, Appellee,
v.
MISSOURI FARMERS ASSOCIATION, INC., d/b/a M.F.A. Grain
Marketing Division and M.F.A. Exchange, Appellant,
Edward V. Stoops and Barbara A. Stoops, Third-Party Defendants.
 No. 84-1272.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 15, 1984.
Decided Feb. 1, 1985.
Opinion Rescinded March 28, 1985.
Opinion Readopted and Rehearing
En Banc Denied June 17, 1985.
 
 Gage & Tucker, Wayne H. Hoecker, Joseph A. Colussi, Kansas City, Mo., Rollings & Gerhardt, P.C., Dale L. Rollings, St. Charles, Mo., for appellant.
 Thomas E. Dittmeier, U.S. Atty., Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee.
 Before BRIGHT, McMILLIAN and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Missouri Farmers Association, Inc. (MFA) appeals from a decision of the district court finding it liable for the conversion of crops in which the United States, through the Farmers Home Administration (FmHA), claimed a security interest. For reversal, MFA contends that the district court erred in failing to find that (1) FmHA's security interest in the crops had been cut off when it expressly authorized sale of the crops to MFA, and (2) the language in the security agreement covering these crops was not sufficient to create a security interest. MFA also asserts that the district court should have granted its Rule 60(b) request for postjudgment relief.
 
 
 2
 The facts reveal that Missouri farmer Edward V. Stoops executed several security agreements with FmHA covering certain crops and livestock. Stoops filed financing statements in the county recorder's office. FmHA later instructed Stoops to sell crops covered by the security agreements and deliver the proceeds to FmHA. Stoops sold the crops to MFA, but paid none of the proceeds to the agency. FmHA then sued MFA for conversion of the crops. The district court made rulings adverse to MFA and entered judgment in favor of FmHA in the sum of $32,014.90. Specifically, the court concluded that the language of the security agreements was sufficient to create an enforceable security interest in favor of FmHA, and that FmHA did not waive its interests in the crops purchased by MFA. MFA filed a posttrial motion for relief from the judgment, pursuant to Fed.R.Civ.P. 60(b), alleging that the government had failed to comply with a discovery order, thus preventing MFA from fairly presenting its case. The district court denied this motion and affirmed the judgment. MFA has appealed from the adverse judgment and the denial of its posttrial motion.
 
 
 3
 We have carefully reviewed the record and, finding no mistake of fact or law, affirm the judgment on the basis of the trial court's memorandum and order. United States v. Missouri Farmers Association, Inc., 580 F.Supp. 35 (E.D.Mo.1984). Furthermore, our review of the record indicates that the district court did not abuse its discretion in denying relief to appellant MFA under Fed.R.Civ.P. 60(b).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. See 8th Cir. R. 14.
 
 ORDER ON PETITION FOR REHEARING
 
 5
 On the petition of appellant, Missouri Farmers Association, Inc. (MFA), we granted rehearing by the panel. MFA argues that, under state law, a security interest asserted by the Farmers Home Administration (FmHA) was ineffective because FmHA had authorized a sale of the collateral. MFA's argument depends upon the application of state law to the release of FmHA's security interest. MFA recognizes that, under FmHA regulations, the security interest has not been released. Therefore, the issue on rehearing is whether state commercial law or FmHA regulations govern the release of FmHA's liens.
 
 
 6
 FmHA regulations clearly contemplate authorized sales of collateral without release of FmHA's lien.[1] These regulations are part of a detailed scheme that divides collateral into separate classes and permits the release of security interests only for specified purposes, which differ for each class. 7 C.F.R. Sec. 1962.17 (1985). The regulations take into consideration the unique needs of FmHA's farmer-borrowers. They give the borrowers needed flexibility to conduct their farming operations while protecting the government's interests in the collateral--here, soybeans and grain.
 
 
 7
 Missouri law, on the other hand, provides that a secured creditor's consent to the sale of collateral automatically terminates the security interest, even if the consent is given conditionally. CharterBank Butler v. Central Cooperatives, Inc., 667 S.W.2d 463, 465-66 (Mo.App.1984). Application of Missouri law would therefore nullify part of the FmHA regulations and interfere with an important objective of the FmHA loan program, i.e., allowing farmers to continue their farm operations.
 
 
 8
 In United States v. Kimbell Foods, Inc., 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1978), the Supreme Court stated that "federal law governs questions involving the rights of the United States arising under nationwide federal programs." Id. at 726, 99 S.Ct. at 1457. However, the Court also provided that state law could be adopted as the federal rule of decision so long as a national rule was not needed to protect the federal interests underlying the program. Adoption of state law in this case would conflict with the federal interests present in the FmHA loan program. Accordingly, we conclude that FmHA regulations, not state law, govern the release of FmHA liens. See United States v. Farmers Cooperative Co., 708 F.2d 352, 353 n. 2 (8th Cir.1983).
 
 
 9
 The MFA also argues that our failure to adopt state law will disrupt commercial transactions in Missouri. We think these fears are unwarranted because a purchaser of farm products such as MFA can easily determine whether or not the goods are covered by a FmHA security interest and take appropriate steps to protect itself from liability.
 
 
 10
 We conclude that FmHA regulations rather than state commercial law govern the release of governmental security interests under the FmHA loan program. Therefore, we readopt the opinion in this case of February 1, 1985, and upon the basis of that opinion and this order, we affirm the judgment of the district court.
 
 
 
 [1]
 7 C.F.R. Sec. 1962.18(b) (1985) provides:
 * * * When borrowers sell security, the sale will be made subject to the FmHA lien. The property and proceeds will remain subject to the lien until * * * the sale is approved by the County Supervisor and the proceeds are used for one or more of the purposes stated in Sec. 1962.17. (Emphasis added).