**UNITED STATES of America, Plaintiff,**

v.

**SECURITY STATE BANK, Defendant.**

No. C 87–3072.

United States District Court,
N.D. Iowa, C.D.

June 20, 1988.

Paul C. Lillios, Asst. U.S. Atty., Cedar Rapids, Iowa, for plaintiff.

Don L. Hagemann, Waverly, Iowa, for defendant.

## ORDER

McMANUS, District Judge.

This matter is before the court upon the parties' resisted cross motions for summary judgment filed March 29 and May 2, 1988. Having promptly received plaintiff's exhibit no. 33 as ordered, the court now considers the motions. Plaintiff's motion granted. Defendant's motion denied.

The following facts are undisputed. On April 5, 1983 debtors Victor A. and Eloise K. Hoins executed two promissory notes to the Farmers Home Administration (FmHA). One note for $228,231.66 in principal plus interest secured an initial loan and consolidated two previous loans made under the Emergency Agricultural Credit Adjustment Act of 1976. The other note also secured an initial loan and consolidated a previous loan but was made under the Consolidated Farm and Rural Development Act of 1978. That note secured a principal amount of $46,138.89 plus interest. The Hoins granted security agreements to FmHA each time they executed a promissory note. Those agreements were executed on July 14, 1980, March 9, 1981, April 8, 1982, and April 5, 1983 and plaintiff has a perfected lien. As of October 3, 1986, the Hoins were in default on both notes and

owed a total principal of $233,919.10 plus interest accruing at $53.4268 per diem.

The Hoins are also indebted to defendant by virtue of an unsecured promissory note delivered January 12, 1983. As of April 27, 1984, the Hoins owed defendant $9,773.17 in principal plus interest.

The Hoins were in financial difficulty in early–1980. Their situation became dire at the end of 1983 and they were unable to make payments on the FmHA loans. In January 1984, Dennis Henke, a FmHA supervisor, advised the Hoins to liquidate their farm equipment, cattle and other chattels or face foreclosure. On January 24, 1984, the Hoins delivered to FmHA a consent agreement for public sale. The Hoins' farm machinery was sold at a public auction on February 2, 1984 at which defendant acted as clerk. Net profit from the sale was $66,190.33 and defendant issued a check in that amount payable jointly to Victor Hoins (Victor) and FmHA. Pursuant to the consent agreement, Victor sold his cattle at the Waverly Sales Company. The sale barn issued three checks totaling $22,675.23 payable jointly to Victor and FmHA.

On February 24, 1984, Henke, acting on behalf of FmHA, endorsed all four checks and returned them to Victor. Victor, in turn, deposited the checks in his checking account with the defendant bank. He then issued a check for $73,865.56 to FmHA.

Victor kept the remaining $15,000 in sale proceeds in his account pending notification from FmHA as to the manner in which he could use these monies. Intending to earn interest on the $15,000 pending FmHA's decision, Victor purchased from defendant a certificate of deposit (CD) in that amount. On April 27, 1984, however, Victor learned defendant had removed $12,858.44 from the CD as a set off against the remaining principal and interest the Hoins owed on defendant's unsecured note.

Summary judgment is appropriate where the record indicates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). The procedure advances the salutary objective of avoiding useless, expensive and time-consuming trials where actually no genuine, factual issue remains to be hired. *Anderson v. Viking Pump*, 545 F.2d 1127, 1129 (8th Cir.1976).

The court need only determine whether a factual dispute remains upon an ultimate issue. *Niagara of Wisconsin Paper Corporation v. The Paper Industry Union–Management Pension Fund*, 800 F.2d 742, 746 (8th Cir.1986). In its resistance to plaintiff's motion for summary judgment, defendant makes a general claim that genuine issues of material fact are in dispute. Defendant offers no explanation as to what factual matters it considers disputed. With regard to its motion for summary judgment, however, defendant claims no genuine factual issues exist. To successfully defend plaintiff's properly supported motion for summary judgment, defendant "may not rest upon the mere allegations or denials of [its] pleadings, ... but must set forth specific facts showing that there is a genuine issue for trial." FRCP 56(e). Finding no genuine dispute of a material fact in this case the court next must consider whether either plaintiff or defendant is entitled to judgment as a matter of law. FRCP 56(c).

Plaintiff brings this action to recover from defendant the amount of the set off and interest thereon. Plaintiff claims it is entitled to these sale proceeds by virtue of its perfected lien in the farm equipment and cattle sold. Defendant acknowledges that plaintiff held a superior lien but claims it is entitled to the seized proceeds on four legal theories: (1) waiver through course of dealing; (2) waiver through sale of the secured collateral; (3) waiver through endorsement of the jointly payable proceeds checks; and (4) laches.

In support of its laches claim, defendant relies upon Iowa Code § 614.1(10) which bars recovery on actions founded upon a secured interest in farm products to two years. But, as the magistrate previously has pointed out, this case is a conversion action brought by the United States. Magistrate's Order dated May 11, 1988. The statute of limitations on such actions is

six years. 28 U.S.C. § 2415(b). Plaintiff commenced this suit well within the prescribed time period.

■ In determining the remaining issues defendant raises, the court initially must determine whether Iowa commercial law or FmHA regulations govern this case. Upon its consideration of this question, the Eighth Circuit concluded that the national rule is needed to protect the federal interests underlying the FmHA loan program. *United States v. Missouri Farmers Association, Inc.*, 764 F.2d 488, 489–90 (8th Cir.1985); *United States v. Kimbell Food, Inc.*, 440 U.S. 715, 726, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979). The Eighth Circuit unequivocally ruled that with regard to the question of FmHA's waiver or release of a security interest, the FmHA regulations are controlling. *Missouri Farmers Association*, 764 F.2d at 489–90; *United States v. Farmers Cooperative Company*, 708 F.2d 352, 353 n. 2 (8th Cir.1983).

■ This court finds unpersuasive defendant's contention that plaintiff waived its superior interest in the proceeds of the secured collateral through a prior course of dealing. In order for a third party to take sale proceeds of collateral free of a properly perfected security interest under the course of dealing doctrine, that party must: (1) establish a prior course of dealing between the debtor and superior creditor; and (2) show that the evidence of prior dealing is relevant, in other words, that the sale in question took place within that course of dealing. *SCNO Barge Lines, Inc. v. Anderson Clayton & Co.*, 745 F.2d 1188, 1192 (8th Cir.1984). *See also Larsen v. Warrington*, 348 N.W.2d 637, 641 (Iowa App.1984).

■ The record herein fails to establish the second element. The prior course of dealing between plaintiff and the Hoins involved plaintiff's practice of allowing the Hoins to deposit in their checking account at defendant bank their proceeds from crop sales, cattle feeding, and the dairy operation and to apply a portion of those proceeds to the note held by defendant. Government's Exhibit no. 33. *See* Exhibit to defendant's Resistance, letter dated June 12, 1984 from the Hoins' attorney, Oliver J. Reeve, to Dennis Henke, FmHA Supervisor. The transaction at issue, however, involved the sale of the Hoins farm equipment, as well as the beef and dairy herds. This was not the type of collateral involved in the prior course of dealing. Therefore, plaintiff's superior lien was not waived by virtue of a course of dealing.

■ Defendant next relies upon Iowa Code § 554.9306(2) which provides that "a security interest continues in collateral notwithstanding sale, exchange or other disposition unless the disposition was authorized by the secured party in the security agreement or otherwise ..." Although defendant's argument is premised upon Iowa law, the principal of waiver upon sale of the secured collateral is the same under federal law.

It is clear from the record that FmHA consented to the sale of the collateral in question. At issue is whether plaintiff's waiver of its security interest may be conditioned upon the debtor's agreement to apply the sale proceeds to the debt. The long standing general waiver rule is that even when the mortgagor has directed the debtor to liquidate the secured collateral and to apply the proceeds to the loan, and the debtor has done so through normal sales channels, rather than the mortgagor through usual enforcement procedures, the mortgagor has expressly waived its right to a security interest in the collateral and its proceeds. *United States v. Hansen*, 311 F.2d 477, 480 (8th Cir.1963). *Ottumwa Production Credit Association v. Keoco Auction Co.*, 347 N.W.2d 393, 396–97 (Iowa 1984).

The Iowa Supreme Court, however, has recognized exceptions to this general waiver rule. *Id.* at 397. One of those exceptions includes the situation here, where the record is clear that defendant, acting as clerk for the sale, was fully aware of the conditions of FmHA's waiver. *Id.* Defendant's Statement of Material Facts ¶ 2, filed May 2, 1988. Therefore, this court declines to apply the waiver by consent sale rule to the case at hand.

■ Finally, defendant relies upon 7 CFR § 1962.18(b) (1985) and 7 CFR § 1962.17 (1984) for the proposition that plaintiff waived its lien in the proceeds upon its endorsement of the checks jointly paying plaintiff and the Hoins the proceeds of the farm equipment and cattle. Plaintiff, on the other hand, argues that its security interest in the proceeds has not been released because those proceeds are from the sale of "basic" security and have not been applied in the manner provided in 7 CFR § 1962.17(a) (1985).

The applicable regulations are those in effect during the period of the agreement in question, *United States v. E.W. Savage & Son, Inc.,* 475 F.2d 305, 307 n. 4 (8th Cir.1973). Therefore, the 1984 Code of Federal Regulations is applicable here. 7 CFR § 1962.18(b) (1984) provides in pertinent part:

> When borrowers sell security, the sale will be made subject to the FmHA lien. The property and proceeds will remain subject to the lien until the lien is released or the sale is approved by the County Supervisor and the proceeds are used for one or more of the purposes stated in § 1962.17.

7 CFR § 1962.17 governs the release of the government's security interest. *United States v. Wilson,* 806 F.2d 171, 174 (8th Cir.1986). That regulation "[details a] scheme that divides collateral into two classes and permits the release of security interests only for specified purposes which differ for each class." *Missouri Farmers Association,* 764 F.2d at 489. Those two classes of collateral are comprised of "basic" and "normal income" security. Basic security is defined as "all equipment (including fixtures in UCC states) and foundation herds and flocks securing FmHA loans which serve as a basis for the farming and replacement of such property." 7 CFR § 1962.17(a). By definition, the farm equipment and cattle in question are basic security. Cattle held for purposes other than immediate sale, such as a dairy herd or breeding stock, are foundation stock. *United States v. Walter Dunlap & Sons, Inc.,* 800 F.2d 1232, 1239–40 (3rd Cir.1986). Consequently, in order for FmHA's lien in the proceeds from the sale of the Hoins' equipment and cattle to be released, those proceeds from the sale of basic security must be applied in the manner set forth in 7 CFR § 1962.17(a)(1)–(4). Those uses are:

(1) To apply to the debts owed to FmHA which are secured by liens on the property sold.

(2) To purchase from the proceeds of the sale, or to acquire through exchange, property more suitable to the borrower's needs.

\* \* \* \* \* \*

(3) To make payments to other creditors having liens on the property sold which are superior to the liens of FmHA. However, any amount remaining after payments to the other creditors will be used in accordance with paragraphs (a)(1) and (2) of this section.

(4) To pay costs to preserve the security because of an emergency or catastrophe, when the need for funds cannot be met through on FmHA loan, or an FmHA loan cannot be made in time to prevent the borrower or FmHA from suffering a substantial loss.

Because the proceeds in question were not used for the regulated purposes, FmHA has not released its lien in those proceeds. *Missouri Farmers Association,* 764 F.2d at 489, *United States v. Gallatin Livestock Auction, Inc.,* 448 F.Supp. 616, 618, 622 (W.D.Mo.1978), *aff'd,* 589 F.2d 353 (8th Cir.1978). Consequently, when defendant seized and applied part of the proceeds as a set off against its unsecured note, it infringed upon plaintiff's lien and impermissably converted those proceeds to its own use.

Defendant, on the other hand, would have this court rely upon another phrase in 7 CFR § 1962.18(b)(1984) providing that:

> Purchasers of security who inquire should be informed that the property is subject to FmHA's lien and will remain subject to it until they deliver any proceeds in cash to the County Supervisor or make checks payable jointly to the borrower and FmHA and the check has cleared.

This part of the regulation is not applicable, however, since defendant is not a purchaser of the secured collateral but rather an unsecured creditor who acted as clerk for the public sale of the debtors' farm equipment.

There being no further factual or legal issues pending,

It is therefore

ORDERED

1. Defendant's motion for summary judgment denied.

2. Plaintiff's motion for summary judgment granted. Clerk shall enter judgment for plaintiff.